McCORMICK *v.* COLLARD.

[No. 15,530. Filed November 3, 1937. Rehearing denied January 27, 1938. Transfer denied March 22, 1938.]

*Aikman, Miller & Causey* and *Charles S. White,* for appellant.

*Clay A. Phillips* and *McFaddin & McFaddin,* for appellee.

BRIDWELL, C. J.—On the 24th day of April, 1922, appellant and appellee were husband and wife and the parents of a child 5 years of age. On that day in a divorce proceeding then pending in the Superior Court of Vigo County No. 2, a divorce was granted to appellant from appellee, and she (appellant) was awarded the "care, custody and education" of their minor child. In such proceeding the court found that appellant was "entitled to an allowance for the support of said child" and it was decreed, among other things, that appellee "pay into the clerk's office of this court for the support of said minor child the sum of $6.00 per week payable on the 15th and 30th of each month." By subsequent orders the amount of the payments to be made for the support of the child was reduced, and, eventually, on September 26, 1925, the "custody, care, education and control" of the child was awarded to appellee. When this order was made, appellee had not fully complied with the prior orders of court relative to the payment of money to the clerk of the court for the support of the child, but there was due and owing under such orders the sum of approximately $683.00.

The judgment from which this appeal is prosecuted was rendered in an action instituted by appellant against appellee to recover an amount equal to the unpaid installments of the support money ordered paid for the benefit of their child by said Superior Court of

Vigo County. In substance the complaint, in addition to alleging the facts hereinbefore stated, further averred that during all the time the child was in her custody she supported and maintained it, and expended more for that purpose than the amount due from appellee under the orders of court entered in the divorce proceeding. The issues were closed by an answer of general denial to the complaint. Trial by court was had, and resulted in a decision and judgment in favor of appellee. Appellant duly filed her motion for a new trial asserting as causes therefor that the decision of the court is not sustained by sufficient evidence, and that such decision is contrary to law. Upon the overruling of this motion she excepted, consummated this appeal, and assigns here as error the court's action in the overruling of such motion.

The facts averred in the complaint are proven without any conflict in the evidence in respect thereto, thus leaving it for this court to determine as a matter of law whether unpaid installments of "support money" awarded by a court for the benefit of a minor child and ordered to be paid by the father to a third person (in the instant case to the clerk of the court granting the divorce decree), can be recovered in an independent action brought for that purpose by the person to whom the care and custody of such child has been given, such person having, during the period of time when such unpaid installments were accruing, supported and maintained the child and retained its custody. In our opinion there can be no doubt that such an order imposes upon the father, so long as the decree is in force and effect, an obligation which can be discharged only by payment of the amount awarded. The primary duty of supporting a minor child rests with the father under our statutory law, and under the common law. If he fails in that duty he should

not be allowed to escape it except upon a showing of an absolute inability to perform, or of having been relieved from the discharge of such duty by a court having jurisdiction of the subject-matter, and over all persons whose rights were affected. In divorce proceedings in this jurisdiction the decree of the court so far as it relates to the care and custody of minor children, may, upon proper petition and notice, be changed and modified by the court rendering such decree so as to obtain just results when there have been changed conditions.

Where, as in the instant case, there have accrued unpaid installments of support money the total amount of such installments constitutes a debt, evidenced by the record, owing by the one obligated to pay.

It seems apparent that the one who has the actual custody of a minor child by virtue of an order of court entered in a divorce proceeding is the one who must of necessity see that the child is furnished with proper food and clothing, and that it receives other needed attention, even though the support money, for reasons sufficient to the trial court, may have been ordered paid to some person other than the one granted the custody of the child. If the decree also provides that the father pay designated amounts toward the accomplishment of this purpose, and he fails to do so, and the person having custody of the child and charged with its actual care and maintenance, except to the extent that the father has been ordered to contribute, does in fact provide for said child the necessary maintenance, then, in accordance with the dictates of reason and justice, the father, being under a legal duty to pay to the extent ordered by the court, should be held liable to the person to whom the custody of the child was given, such person not being a volunteer but one upon whom the court has imposed the duty of

actually caring for the child's needs, with such assistance as the court has decreed shall be furnished by the father.

While, strictly speaking, there is no contractual relation between the father and the person awarded the custody of the child, yet the father, in cases of this character, has come under a legal duty to pay the amount awarded, and the custodian of the child under a legal duty to see that the child is supplied with the necessities of life. When the father fails to comply with the court's decree as to payments for support, and continuous support is furnished by the person awarded the custody so as to meet the exigencies arising, we are of the opinion that sound public policy requires that the father be held liable to the one who rightfully meets the present needs of the child where such person has expended for that purpose an amount equal to or in excess of that which the father was obligated to pay but did not pay for the support of the child.

In the instant case the right to visit the child and of its occasional temporary custody was preserved to appellee, and under the record before us we conclude that by necessary legal implication arising out of principles of public policy affecting minor children a right of action against appellee accrued to appellant, and that the trial court was in error when it decided otherwise.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial, and that further proceedings be consistent with this opinion.

Kime, J., dissents.