# GINN v. GINN

[No. 16,376.    Filed January 21, 1941.]

*Scifres & Hollingsworth,* of Lebanon, for appellant.
*Parr, Parr & Parr,* of Lebanon, for appellee.

DEVOSS, J.—Appellee filed her complaint herein to recover the balance of unpaid and delinquent payments alleged due under an order and decree of the Boone Circuit Court, wherein she was granted a divorce from appellant, given custody of their minor child, and appellant ordered to pay $5.00 per week to the Clerk of said Boone Circuit Court, to be in turn paid by said Clerk to appellee for support of said child.

The complaint was in one paragraph and alleged in substance the granting of the divorce, the order of court for the payment of $5.00 per week for support and maintenance of Thelma Leona Ginn and the failure of appellant to make such payments in full as provided by the said order of court: That during all of the period said Thelma Leona Ginn had been in the care and custody of appellee; that she (appellee) had supported and maintained said child, furnished her a home, food and clothing, schooling and books, medical attention and other expenses and that from the date of the entry of said decree, until September 8, 1936, she has paid and expended more than the sum of $5.00 per week, and more that the total amount due under said order in the support and maintenance of said Thelma Leona Ginn.

To this complaint appellant filed an answer in general denial and a second paragraph of answer alleging in substance his inability to pay said sums so ordered paid, by reason of being incapacitated from work by an injury and his inability to earn money. That he paid a part of said sum but has been unable to pay the same in full. Said second paragraph further alleges that on the 18th day of November, 1933, appellee herein filed her affidavit against appellant in the Boone Circuit Court, praying that appellant be cited for contempt of court for failure to pay as ordered by the court and that upon submission of said matter, the court found for appellant. Said paragraph further alleges that up until February, 1931, he had fully complied with the order of court.

To the second paragraph of answer, appellee filed a demurrer which was by the court sustained to which ruling the appellant excepted.

The cause was submitted to the court for trial and

the court found for and rendered a judgment in favor of appellee against appellant in the sum of $1,587.80.

Appellant filed his motion for a new trial, which was by the court overruled to which ruling appellant excepted and this appeal followed.

The errors assigned are: (1) The court erred in sustaining appellee's demurrer to appellant's second paragraph of answer. (2) The court erred in overruling appellant's motion for a new trial.

The specific causes in the motion for a new trial are: (1) The decision of the court is not sustained by sufficient evidence. (2) The decision of the court is contrary to law. (3) The court erred in excluding the following evidence offered by the defendant, to wit: Defendant's Exhibit No. 1.

The demurrer to appellant's second paragraph of answer was upon the statutory grounds that the same does not state facts sufficient to avoid the cause of action stated in the complaint. It is contended by appellee that the fact that in the contempt proceedings referred to in said second paragraph of answer, appellant was adjudged not guilty or that there was a finding for defendant (appellant) would not be a defense to the cause of action set out in the complaint and likewise his inability to pay by reason of sickness, idleness or other causes would not be facts sufficient to avoid the cause of action set out in the complaint.

In the contempt proceedings alleged in the second paragraph of answer, the question to be determined was not whether the court's order was too much or too little, or whether the same should be modified in any respect, but the question to be determined in such proceedings was whether or not appellant should be punished for contempt in his failure to conform to the order of court.

In the case of *Zerkle* v. *Zerkle* (1930), 202 Ind. 129, 172 N. E. 192 wherein the defendant was cited to show cause why he should not be punished for contempt of court for failure to comply with the order of said court relative to the payment of support money for his child, the appellant set up by way of answer as a defense, that the appellee had removed the child from the State of Indiana and therefore the appellant was relieved from complying with said order. In sustaining the demurrer to the answer, the court quoted from the case of *Joab* v. *Sheets* (1885), 99 Ind. 328 as follows: "The alleged misconduct of the appellee in having disregarded, and in planning for the further disregard of some of the provisions in the decree of divorce, concerning the custody of the child, might have afforded some reason for the modification of, or some change in, those provisions in a direct proceeding to that end, but it did not of itself work a forfeiture of any of the appellee's rights or responsibilities under the decree." The court further stated that after payments had accrued, it was not within the power of the court to annul any of them in a contempt proceedings.

While it is true that the court might properly consider all facts and circumstances surrounding the failure of appellant to conform to the order of court to determine whether or not appellant was guilty of contempt of court, or whether or not there were circumstances that mitigated in his favor, such a proceedings in contempt was not primarily an adjudication as to whether such amounts were due and payable, whether it was too much or too little but whether or not in consideration of all the circumstances he (appellant) should be punished as for contempt of court by his failure to comply with such order.

While the fact of his inability to comply with the

court's order by reason of injury, lack of work or other causes, and whether the same was much or little, were proper matters for the court to consider in arriving at a conclusion as to his guilt or innocence of contempt, yet there was no petition for a modification or change of the former order of court and that matter was in no wise adjudicated, nor as stated in *Zerkle* v. *Zerkle, supra,* could it have been in that proceedings.

"In proceedings against a party for contempt, the controversy between the litigants can not be determined, for there can be no issue formed that will enable the court to pronounce a judgment upon the merits. The jurisdiction to punish contempt is given for the purpose of enforcing the orders of the court and of securing that respect which the law intends that it shall command. The object of punishment is not to adjudicate upon private controversies, but to vindicate the authority and dignity of the court." *Proctor* v. *Cole* (1886), 104 Ind. 373, 4 N. E. 303.

The appellant was content to allow the order of court for payment of support money to stand without any attempt to modify the same, and the order did so remain until responsibility for maintenance of his child ceased by her marriage.

We do not think an adjudication of the matter of contempt would be a proper defense in the instant case. There was no error in sustaining the demurrer of appellee to the second paragraph of appellant's answer.

The evidence is in part stipulated as follows:

That on May 10, 1919, a decree of divorce was granted by the Boone Circuit Court to appellee. That said court entered an order in said decree against appellant to pay to the clerk of the Boone Circuit Court and in turn to be paid to appellee for the support and maintenance

of Thelma Leona Ginn, a child of the parties, the sum of $5.00 per week. That said Thelma Leona Ginn was born on the 8th day of April, 1916, and was married to Lowell R. Denny on the 8th day of September, 1936, and that said decree was never changed or modified in any way. That the total sum of the payments so ordered to September 8th, 1936, is $4,675.00. That appellant during said time had paid the total sum of $2,955.20. That appellant has made payments direct to appellee in the sum of $48.00. That the appellant has never at any time filed a motion or proceedings to modify the decree of support.

The appellee herein Blanche Lucile Ginn testified that she was the mother of Thelma Leona Ginn and that after the divorce proceedings on May 10, 1919, her said daughter lived with her until the time she (said daughter) was married. That they lived together continuously and that said daughter had no regular employment during that time. That she contributed money to the support of said daughter to the extent of six or seven dollars a week over the entire period from May 10, 1919, to September 8, 1936. That she and her daughter resided with her father and mother and maintained a home there. That during certain periods she was employed in a glove factory and in a picture show and worked for Clarence Miller. That she earned during said time from $15.00 a week to $5.00 a week. She also testified that a portion of the time she was out of work and was sick. That in the operation of their home she didn't pay any board but contributed her share. That she bought groceries for herself and said child, bought clothing for her daughter, that she cooked part of the time and that she spent about $6.00 a week for her daughter and that her daughter got the biggest part of her wages. That she paid doctor bills for her

daughter during several times when she had pneumonia and whooping-cough, and that she doctored her for one year for tuberculosis, and that at one time said child was afflicted with pink eye; that said child also had an operation for hernia. She further testified that at times when she did not have the money she borrowed it. She also testified that she paid for music lessons for said child, that she furnished her lessons in dramatic art and that she otherwise cared for said daughter and rendered the services and sustenance required by said child. That on one occasion the appellee herein cashed an insurance policy to raise money for the purpose of taking care of her said child. She further testified that the appellant paid the sum of $84 on a hospital bill for said child.

The appellant herein testified that he was employed by the New York Central Railroad Company for a period of 22 years, that he owned no property and that his source of income was from firing a locomotive and pay from the railroad company. That in 1931 he was furloughed and lost his employment and was out of work to February 1, 1936. That during that time he had no employment or property. That on February 20, 1936, he sustained an accident.

It is insisted by appellant among other things that the accumulated amount of payments to be made under an order for support of a minor child cannot be made the basis of a final judgment when the evidence shows appellant had no power to pay the allowance in full; that when appellant became unable to pay the allowance, his obligation ceased; that there is no implied obligation on the part of appellant to pay for support voluntarily furnished to the child by appellee unless appellant had manifested his purpose to abandon the child.

We do not agree with this construction of the law relative to payment of support money. When the order of court was entered, the obligation to pay the amount stated therein was created and vested and such obligation to pay continued so long as such order existed. Certainly an obligation to pay money cannot become null, merely because of the inability of the debtor to pay. As stated heretofore, these matters might be proper for consideration in a hearing of a contempt charge, but to say that under such circumstances the obligation was discharged, would in our opinion be erroneous.

In the case of *McCormick* v. *Collard* (1938), 105 Ind. App. 92, 10 N. E. (2d) 742, this court stated, "While, strictly speaking, there is no contractual relation between the father and the person awarded the custody of the child, yet the father, in cases of this character, has come under a legal duty to pay the amount awarded, and the custodian of the child under a legal duty to see that the child is supplied with the necessities of life. When the father fails to comply with the court's decree as to payments for support, and continuous support is furnished by the person awarded the custody so as to meet the exigencies arising, we are of the opinion that sound public policy requires that the father be held liable to the one who rightfully meets the present needs of the child where such person has expended for that purpose an amount equal to or in excess of that which the father was obligated to pay but did not pay for the support of the child."

In the recent case of *Pavuk* v. *Sheetz* decided by this court on December 3, 1940, being cause No. 16415, *ante*, p. 494, 29 N. E. (2d) 992, the case of *McCormick* v.

*Collard, supra,* was cited and the conclusion reached therein was approved.

We think the evidence in the instant case brings it within the rules laid down in the above cited cases.

Appellant insists there was error by the trial court in sustaining the objection to the introduction of appellant's Exhibit No. 1. This exhibit was a certified copy of the proceedings of the Boone Circuit Court wherein appellee herein, filed a verified statement relative to the failure of appellant to conform to the order of court in the payment of money so ordered by the court, and the action of the court thereon. Such proceedings was a proceedings in contempt and could have no bearing on the matter involved herein, and the statements herein relative to the ruling on the demurrer of appellee are applicable to the admissibility of this evidence. There was no error in excluding such exhibit.

It is our opinion that the decision of the trial court is sustained by sufficient evidence and is not contrary to law.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 31 N. E. (2d) 65.