44 So.2d 639 (1950)
PETERSON
v.
PAOLI.
Supreme Court of Florida, Division A.
February 21, 1950.
Baxter & Baxter, Fort Lauderdale, for appellant.
A.G. Paoli and Hunter & Paoli, Hollywood, for appellee.
ROBERTS, Justice.
In December of 1948, Mary M. Peterson, the plaintiff-appellant, obtained an Order of Filiation in the Children's Court of the County of Westchester, State of New York, whereby Thomas J. Paoli, the defendant-appellee, was adjudged and declared to be the father of plaintiff's three minor children born out of wedlock, and whereby the defendant was ordered to pay the plaintiff the sum of $45.00 per week for the support of such children until their sixteenth birthday, unless otherwise ordered by the Court.
No payments having been made pursuant to such Order of Filiation, in July of 1949 the plaintiff filed suit in the Circuit Court of Broward County against the defendant to recover the sums in which the defendant was in arrears, totalling $1,260.00 at the time of filing of the suit. Plaintiff alleged that the order or judgment upon which she based her action still remained in full force and effect and was not reversed, satisfied or otherwise vacated, and attached to her declaration a duly authenticated copy of the Order of Filiation and proceedings had in connection therewith.
The defendant's demurrer to plaintiff's declaration was sustained by the lower *640 court on the ground that "the indebtedness described in the declaration has not been put in the form of a final judgment." The plaintiff declining to amend further, final judgment for defendant was entered, from which judgment plaintiff has taken this appeal.
The question for our determination is: Is the Order of Filiation requiring the future payment of weekly sums for the support of the children such a final judgment, as to past-due and unpaid installments, as to be entitled to full faith and credit in the courts of this state?
At the outset, it may be stated that a final judgment entered in filiation proceedings requiring the payment of money for the support of the illegitimate children is such a judgment as to be entitled to full faith and credit in the courts of this state. See Am. Law Inst. Restatement, Conflict of Laws, Section 443, Comment c.
It may also be stated that, since the enactment of Chapter 25110, Laws of Florida, Acts of 1949, this court is required to take judicial notice of the common law and statutes of other states. And, in the instant case, we deem it our duty to take judicial notice of the applicable and controlling statute of the State of New York, even though such statute was overlooked in the proceedings in the court below. See Atlantic Coast Line R. Co. v. Holliday, 73 Fla. 269, 74 So. 479.
Article 8 of the Domestic Relations Law of the State of New York, McKinney's Consol. Laws, c. 19, sets out the procedure for obtaining an Order of Filiation, authorizes the awarding of support money for the illegitimate children, and provides for the enforcement of the order as to the support of such children. Section 131 of Article 8 provides that "The court shall have continuing jurisdiction over proceedings brought to compel support and education and to increase or decrease the amount fixed by the order of filiation, until the judgment of the court has been completely satisfied."
We are confronted, then, with the question of whether or not the power to increase or decrease the amount fixed by the Order of Filiation applies to past-due installments, as well as to future installments. If such power extends to all installments, both past-due and future, then the Order is not such a final judgment as to be entitled to full faith and credit in our courts. If, however, the Order is not subject to modification as to installments which are already due, then the judgment as to such installments is final and must be given full faith and credit here. 31 Am.Jur., Judgments, Section 558, page 167.
We have been unable to find any decision of a New York court construing the above-quoted provision of Section 131 of Article 8. Neither have we found a decision from a court of another state construing a similar provision in their statutes relating to filiation proceedings. Since an order for the payment of support money in such proceedings partakes of the same general nature and characteristics as an order entered in a divorce proceeding for the support of children and alimony for the wife, we have examined Section 131 of Article 8, supra, in the light of the decisions relating to the finality, as to past-due installments, of orders for the payment of support money entered in divorce proceedings.
The Supreme Court of the United States, in Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 687, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061, had before it for construction the provision in the then existing New York statute relating to the modification of directions in divorce decrees for the support of the children and alimony for the wife, which provision was, in part, as follows: "The court may, by order, upon the application of either party to the action, after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, vary or modify such directions." Code Civ.Proc. N.Y. 1899 § 1771. The Supreme Court there held that no authority was conferred by this statute to cancel installments of alimony which had accrued prior to the application for modification, the language of the court being as follows: "But it is equally certain that nothing in this language expressly gives power to revoke or modify an instalment of alimony which had accrued *641 prior to the making of an application to vary or modify, and every reasonable implication must be resorted to against the existence of such power, in the absence of clear language manifesting an intention to confer it."
The rule laid down in the Sistare case, supra, that "every reasonable implication must be resorted to against the existence of" a power to modify or revoke installments of alimony already accrued "in the absence of clear language manifesting an intention to confer it" was re-affirmed by the United States Supreme Court in Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82, 157 A.L.R. 163, and in Griffin v. Griffin, 327 U.S. 220, 233, 66 S.Ct. 556, 90 L.Ed. 635.
Section 131 of Article 8 does not expressly confer upon the court the power to increase or decrease the award of support money as to past-due installments. There is nothing in Article 8 to imply that, upon default, the arrearages in support money must be put in the form of a separate judgment in order to enforce the Order of Filiation as to such past-due installments. Moreover, it is expressly provided that the court may adjudge the father in contempt and commit him to jail if he defaults in the payments ordered to be made for the support of his illegitimate children. Section 130 of Article 8.
It is our opinion, therefore, that the power of the New York court to increase or decrease the amount fixed by the Order of Filiation should not be held to extend to installments which are past-due and unpaid at the time of application for modification of such Order; and we hold that, as to such installments, the Order of Filiation is a final judgment, entitled to full faith and credit in the courts of this state.
The case of Collins v. Collins, 160 Fla. 732, 36 So.2d 417, relied on by appellee, is not relevant here. The Collins case construed the presently existing New York statute (as amended since the decision in Sistare v. Sistare, supra) relating to the modification of directions in a divorce decree for the support of the wife and children, and prescribing the procedure for obtaining a judgment for the amount of the arrears due for such support, being Sections 1170 and 1171-B of the Civil Practice Act of the State of New York. These sections have no application to filiation proceedings which, as heretofore noted, are provided for in Article 8 of the Domestic Relations Law of the State of New York. The Collins case is, therefore, not in point here.
For the reasons stated, the judgment of the lower court should be and it is hereby
Reversed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.