Charles C. CLESTER, Executor of the Last Will & Testament of Jennie Heidt Clester, deceased, Plaintiff in Error,

v.

Estate of George Henry HEIDT, deceased, L. M. Gibson, Administrator, Defendant in Error.

No. 38777.

Supreme Court of Oklahoma.

May 31, 1960.

Rehearing Denied July 12, 1960.

H. F. Fulling, Tulsa, for plaintiff in error.

Randall G. West, Tulsa, for defendant in error.

JACKSON, Justice.

This is an action by Charles Clester, as Executor of the Estate of Jennie Heidt Clester, deceased, against the estate of George Henry Heidt, deceased, former husband of Jennie Heidt Clester, deceased, to recover delinquent child support ordered by terms of a decree divorcing the said Jennie Heidt Clester and George Henry Heidt entered in 1915 in the State of Indiana.

A jury was waived and the case was submitted to the trial court upon a written stipulation of facts. The essential facts are summarized as follows:

George Henry Heidt and Jennie Heidt, both deceased, were legally divorced on January 18, 1915, by the Circuit Court of Vanderburgh County, Indiana. They had two children at the time the divorce was granted, Francis Heidt, who was nine years of age on October 4, 1914, and George Heidt, who was five years of age on November 29, 1914. In the decree, defendant George Henry Heidt was ordered to pay the sum of $5 a week to Jennie Heidt for the maintenance and support of said children.

George Henry Heidt paid about $200 as and for child support under provisions of said decree. Less than a year after said decree was entered, he left the State of Indiana and remained continuously absent therefrom, and made no further child support payments. He had resided in Tulsa County, Oklahoma, continuously from 1934 until his death in 1956.

The youngest child, George Heidt, attained his majority November 29, 1930.

This action was instituted subsequent to the death of George Henry Heidt in 1956.

The trial court rendered judgment for defendant on the ground that plaintiff's alleged cause of action was barred by limitations under the law of Oklahoma. Plaintiff appeals, urging that the limitation statute of Indiana, rather than Oklahoma, governs, and that under Indiana law the limitation period was tolled due to the departure and continued absence of defendant's decedent from the State of Indiana.

The pertinent Indiana Statute provides, as follows:

"The time during which the defendant is a nonresident of the state or absent on public business shall not be computed in any of the periods of limitation. * * *." (Sec. 2–606, Burns' Indiana Statute, page 126, Vol. 2).

In Hough v. Hough, 205 Okl. 179, 242 P. 2d 162, we held that an action by a mother against a father to recover delinquent child support payments under provisions of a divorce decree, as to limitations, was governed by 12 O.S.1951 § 95, subdivision 6, which provides, as follows:

"An action for relief, not hereinbefore provided for, can only be brought within five years after the cause of action shall have accrued."

Therein we held that the unpaid installments could be recovered for a five-year period preceding the filing of the action.

It will be noted, however, that in Hough v. Hough, the action was based upon a divorce decree rendered in Oklahoma, which was an action not specifically provided for in our limitation statutes. In the instant case, the action is based upon an Indiana divorce decree.

In Hastings v. Hastings, Okl., 274 P.2d 540, 541, we held, in paragraph two of the syllabus:

"A Nevada judgment for divorce and for continuing monthly payments (of alimony) to wife from husband, valid in Nevada, is here entitled to full faith and credit as a final judgment for the monthly sums which have accrued and are due and payable thereunder."

In Peterson v. Paoli, Fla., 44 So.2d 639, 16 A.L.R.2d 1094, plaintiff brought action in Florida upon a judgment rendered in the State of New York ordering installment payments for the support and maintenance of illegitimate minor children of the parties. After noting that the power of the court to modify the judgment was the same as in divorce decrees providing for child support, the court held that, inasmuch as the power to modify did not extend to past-due, unpaid installments, the support order, as to such installments, was a final judgment, and entitled to full faith and credit in the Florida courts.

We held, in Sango v. Sango, 121 Okl. 283, 249 P. 925, that any modification of a child support order must be prospective and cannot be retroactive. Accord, Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82, 157 A.L.R. 163; Griffin v. Griffin, 327 U.S. 220, 233, 66 S.Ct. 556, 90 L.Ed. 635.

In the absence of a contrary showing in the record, we presume in accordance with a recognized principle of conflict of laws, that the law of Indiana as to the power of modification is the same as the law of Oklahoma.

In the instant case, then, the action is one based on a foreign judgment, which action is specifically provided for in 12 O.S.1951 § 95, Fourth subdivision as to limitations, as follows:

"Within one year: An action on a foreign judgment; * * *."

It was stipulated herein that upon the date of the rendition of the Indiana divorce decree, January 18, 1915, the youngest child was five years old, and that he attained his majority on November 29, 1930. Hence, on the latter date, the order relating to child support expired. Lowry v. Lowry, 189 Okl. 650, 118 P.2d 1015.

702

Assuming, then, that under provisions of the Indiana tolling statute heretofore cited, the Indiana decree is still alive and capable of supporting an action thereon, the decisive question is whether the Indiana Statute or the Oklahoma Statute should control in an action brought in this state on said decree.

We have previously decided that question.

 In Gardner v. Autrey, 170 Okl. 526, 40 P.2d 1042, we held, in paragraph two of the syllabus:

"A cause of action accrues against a resident of this state, upon a judgment rendered in another state, on the date of its rendition, or on the date residence begins in this state subsequent to the rendition of the judgment; and the statute of limitations (section 185, C.O.S.1921, or section 101, subd. 4, O.S.1931) begins to run with the accrual of the cause of a action."

At page 1044 of the Pacific opinion, we said:

"Defendant was a resident of this state prior to the rendition of said judgment and continued to reside in this state. One year after the rendition of said judgment, plaintiff's right to recover thereon in this state was barred."

To the same effect, Bank of Stockham v. Weins, 12 Okl. 502, 71 P. 1073, Davis v. Baum, 192 Okl. 85, 133 P.2d 889, Bauserman v. Charlott, 46 Kan. 480, 26 P. 1051.

We find no merit in plaintiff's argument that, in any event, the Oklahoma statute of limitations would not start running so long as the presence of defendant's decedent in Oklahoma was unknown to plaintiff's decedent. St. Paul Title & Trust Co. v. Stensgaard, 162 Cal. 178, 121 P. 731, 39 L.R.A.,N.S., 741; 50 C.J.S. Judgments § 871b. (1).

Inasmuch as it was stipulated that defendant's decedent had been a resident of the State of Oklahoma since 1932, we conclude that plaintiff's action became barred by our limitations statute in the year 1933.

Judgment for defendant affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, IRWIN and BERRY, JJ., concur.