74 N.J. Super. 408 (1962)
181 A.2d 414
GEORGE H. SALZANO, PLAINTIFF,
v.
MARIE SALZANO, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 9, 1962.
*409 Mr. Barry S. Tolstoi, attorney for plaintiff.
Mr. Francis G. Fitzpatrick, attorney for defendant (Mr. Eugene T. Sharkey, appearing).
NIMMO, J.S.C.
Plaintiff and defendant had been husband and wife. They were divorced in the State of Nevada.
Plaintiff filed a complaint in three counts. The first count is to reduce support payments ordered payable to his wife and child by the Nevada court; the second count *410 is to formalize in this State the reduced amount of support, and the third count is to adjudicate visitation rights of the plaintiff.
The defendant charges unclean hands on the part of plaintiff, because he is in default of the payments ordered to be paid by the Nevada court; the plaintiff made partial payments and did not fully comply with the support order; and, further, that the defendant never agreed to a reduction in the amount of payments to be paid to her. As to visitation, defendant objects to Sunday visitation because it would interfere with the child's religious obligations, but consents to Saturday visitation, and particularly of the child in the summertime. The defendant counterclaims for the arrearages due her under the Nevada decree.
The plaintiff went to Nevada in 1958 and procured a divorce from the defendant. Two children were born of their marriage: one who is now emancipated, and one presently nine years old in the custody of defendant. The Nevada decree ordered the payment of $400 a month for the support of the defendant and the minor child. The validity of the Nevada decree is not at issue. The plaintiff remarried the same month in which he obtained the divorce decree and could not be heard in an attack upon a decree which he secured. Woodhouse v. Woodhouse, 11 N.J. 225, 229 (1953).
Plaintiff's contention is that this court can only consider a modification of the alimony and support provision in futuro and that the defendant wife cannot be heard on her counterclaim for accrued arrearages of the Nevada decree. He argues that the Nevada decree is not final and not within the ambit of the full faith and credit clause of the Federal Constitution. The Nevada decree specifically provides that that court retain jurisdiction to make "further orders relative to the care, custody, support and maintenance of the minor child * * *."
Nevada Compiled Laws Supplement section 9474.01 (now Nevada Revised Statutes 125.170) in effect when plaintiff *411 obtained a decree in that state provides "In divorce actions, * * * installment judgments for alimony and support shall not be subject to modification as to accrued installments, but only as to installments not accrued at the time a motion for modification is filed." (Emphasis added)
In the case of Whitehead v. Villapiano, 16 N.J. Super. 415 (App. Div. 1951), it was held that the arrearages due under a Nevada decree were final provided no modification of the decree was made prior to the maturity of the installments. This, notwithstanding the absence of the above-cited statute of Nevada which was enacted after the entry of the decree in the Whitehead case.
The defendant in the case sub judice did accept payments in lesser amounts than that ordered by the decree. This court is satisfied that there was no agreement by her to have the payments reduced. This court holds that acceptance of a lesser amount does not amount to a modification, for a divorced wife with a child could very well accept a lesser sum as a matter of self-preservation. It should be observed that she has no income or assets of any kind and is dependent upon what she receives from her former husband.
In the case of Conwell v. Conwell, 3 N.J. 266 (1949), we find the same wording in the decree of the court of original jurisdiction retaining jurisdiction as to the support of a child. Yet, it was held that that did not affect past due installments but only applied to the future support of the child. The principle laid down in the case of Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910), has been consistently followed in all our cases.
A recent case in our own State of Hudson v. Hudson, 36 N.J. 549, at page 559 (1962), Justice Francis, speaking for a unanimous court, says
"* * * the public interest in protecting and preserving for a wife and children the support granted by a sister state, suggests that on principles of comity or judicial courtesy its judgment should be accorded the fullest possible recognition. Accordingly, this proposal projects itself in cases where the enforcement state has personal jurisdiction over the parties; recovery should be allowed for the *412 total of the arrearages, providing no proceeding has been brought prior thereto by the obligor in the foreign jurisdiction seeking modification or cancellation of the arrearages."
All the parties to this proceeding, including the minor child, are residents of New Jersey and within the jurisdiction of this court. N.J.S. 2A:34-23 gives this court jurisdiction to fix support and maintenance whether the divorce was obtained in this State or elsewhere.
Plaintiff contends that he cannot now pay the alimony and support ordered to be paid in the Nevada decree because his situation has since changed. His situation, if anything, has changed for the better. When in Nevada at the time its decree was made he was there employed at $125 a week. On his return to New Jersey he got his old job back and received $168 a week net. On cross-examination he admitted that he does work in addition to his regular employment. An income tax report was submitted that showed his income to be $11,833 in 1957. Like so many cases, the proofs do not show a solid figure of income. What this man receives from his additional employment is left to conjecture. It is he who seeks relief from what he considers a burdensome support order. On cross-examination he admitted he made a down payment of $3,000 on a house he purchased in 1960 for $10,000; that he has $1,500 in the bank. It is well established law that a divorced wife and children are entitled to support and maintenance in accordance with their station in life and in a manner to which they had been accustomed. These people had been married for 23 years when plaintiff went to Nevada for his divorce. The wife is 49 years of age and the minor child 9 years of age. Defendant has no assets and no income; she and the child are entirely dependent upon the support money paid by plaintiff. He remarried and has two children.
Support and maintenance orders are made with a view to having payments made with regularity and dependability. Considering all the facets of this case, this court is of the opinion that the defendant should receive *413 for her support the sum of $60 a week, and the minor child the sum of $20, making a total of $80 a week.
Judgment for the arrears due on the Nevada decree may be entered, and it shall further provide for the support and maintenance of the defendant and minor child as indicated above.