ALLEN, Chief Judge.
This is a timely interlocutory appeal from ’’ a dismissal of appellant’s complaint with leave to amend.
Appellant, plaintiff below, filed a complaint under Section 742, Fla.Stats., F.S.A., Bastardy. Attached to the complaint is a certified copy of a valid California decree adjudging the appellee the father of appellant’s illegitimate child and ordering the father to pay $75.00 a month for the child’s support. The complaint shows that the mother and child reside in California and that the father now lives in Florida. • Also, the complaint avers that the California decree of paternity is res judicata and asks the chancellor to take jurisdiction to enter its decree increasing the amount of child support.
The appellant contends that because Section 742 authorizes the lower court to modify a filiation decree of that court it also authorizes modification of a support order of a sister state.
Appellee explains that the complaint clearly asks for modification of a decree of a California court which retained jurisdiction to modify the future unaccrued support payments on a showing of the changed circumstances of the parties. He argues that the California decree is not final because of the reservation of jurisdiction to modify and it is therefore not entitled to full faith and credit in Florida. Appellee further contends that the proper jurisdiction for modification of the California decree is California where the mother and child reside.
This appeal presents two questions for our determination.
I. Can a Florida chancellor take cognizance of a California paternity and support decree in order to increase the child’s support payments where the mother and child reside in California and the father is now a Florida resident?
II. Does the complaint make sufficient averments and prayers to permit the chancellor to grant relief?
 (I) There is no doubt that Florida courts have the power to modify a custody award of a sister state on a hearing to determine the best interests of the child and the fitness of the parties. Florida is not barred from modifying a custody decree by reason of full faith and credit or comity. Digirogio v. Digirogio, 1943, 153 Fla. 24, 13 So.2d 596; Tom v. State ex rel. Tom, Fla.App. 1963, 153 So.2d 334. One reason for not according full faith and credit to a sister state’s determination of custody is that such an award is not a final judgment because it is subject to change by the rendering court
*490 In Peterson v. Paoli, Fla.1950, 44 So.2d 639, 16 A.L.R.2d 1094, the Supreme Court, in an opinion by Justice Roberts, held that under a New York statute the order of filiation, requiring the payments of weekly sums for the support of children, was a final judgment as to past-due unpaid installments. The power of the New York court to modify its decree extended only to future unac-crued installments. The New York decree as to future unaccrued installments was not final and could not, therefore, be accorded full faith and credit in Florida. The suit was filed to recover the arrearages only. The court said:
“We are confronted, then, with the question of whether or not the power to increase or decrease the amount fixed by the Order of Filiation applies to past-due installments, as well as to future installments. If such power extends to all installments, both past-due and future, then the Order is not such a final judgment as to be entitled to full faith and credit in our courts. If, however, the Order is not subject to modification as to installments which are already due, then the judgment as to such installments is final and must he given full faith and credit here. 31 Am.Jur., Judgments, Section 558, page 167.”
The effect of this decision is to accord full faith and credit to that part of a filiation decree that is final. There was no attempt to have the New York decree concerning future payments modified and the court did not discuss its modification. Therefore, that part of the California decree adjudging appellee the father of appellant’s child is final and Florida will accord it full faith and credit.
Appellee’s argument that the lack of finality of the California decree as to future unaccrued payments prevents a Florida court from recognizing and later modifying the decree is answered in Sackler v. Sackler, infra, and Lopez v. Avery, infra.
In a later opinion, written again by Justice Roberts, Sackler v. Sackler, Fla.1950, 47 So.2d 292, 18 A.L.R.2d 856, the wife obtained a divorce in New York and was awarded custody of the children and $20.00 a week for their support. The wife filed a bill, after the husband took up residence in Florida, praying that he be required to pay her all sums of money due under the New York decree and that the New York decree be established and enforced by the equity courts of Florida. The husband argued that the provisions of the New York decree respecting support money could be modified by the New York court from time to time and that accordingly the decree was unenforceable in Florida. The chancellor decreed that the wife have a money judgment for the amount of arrearages reduced to judgment in New York but denied further relief. On appeal, the Supreme Court held that the lower court erred in denying the wife equitable remedies, including contempt proceedings for the enforcement of the New York judgment for arrearages; and that the New York decree, as regards future unaccrued installments could be established as a local decree and enforced by all appropriate equitable remedies.
The Supreme Court recognized that the New York court could modify the decree as to all installments and sums to become due thereafter. It reasoned that, when a wife comes into a Florida equity court and requests that the decree of a foreign court be established as a local decree, the husband has sufficient opportunity to present any equitable defenses that he may have had. The opinion- added that our equity courts could entertain a request by the husband to modify a foreign decree established as a local decree, inasmuch as Section 65.15, Fla. Stats., F.S.A., relating to modification, alimony decrees, agreements, etc., authorizes modification of decrees “of any court of competent jurisdiction,” requesting support. This case originated the “establishment” principle in Florida. Thus, the California decree in respect to future support payments, can be established in Florida as a *491 local decree and enforced by the appropriate equitable measures. The opinion permits modification of the decree as to future payments after its establishment here, but only by the father.
The rendering of Lopez v. Avery, Fla. 1953, 66 So.2d 689, permitted the mother to ask for modification of a sister state’s support decree when the requirements of due process are fulfilled. The action was brought to modify child support payments granted pursuant to a Missouri divorce and settlement agreement. The wife and child resided in Florida and the defendant husband was personally served while he was temporarily in Florida on vacation. The prayer of the amended complaint was that the court establish the Missouri final decree as a Florida decree, and after its establishment, that the Circuit Court of Duval County modify the terms and conditions thereof by increasing the amount to be paid by the defendant to the plaintiff for the support of the child. The Supreme Court reversed the order of the circuit court dismissing the complaint. The court, after stating the general rule that foreign judgments must be given full faith and credit and cannot be modified, enunciated an exception thereof in respect to orders or decrees for child support when by the law of the state of rendition such orders are subject to change. “Decrees for child support and custody are usually regarded, in.fact, as being impermanent in character and hence by their very nature are res judicata as to issues only so long as the facts and circumstances of the parties remain the same as when the decree was rendered.” Lopez v. Avery, supra. As to installments to fall due in the future, the decree is not entitled to full faith and credit and is subject, upon proof of changed circumstances, to modification by the court rendering it.
The Court cited Section 65.15, Fla.Stats., F.S.A., relating to modification, alimony decrees, agreements, etc., and extended it to foreign decrees because of the public policy of affording protection to minor children resident within Florida’s borders.
The Supreme Court held, that the circuit court has the power upon a proper showing of changed circumstances to enter a decree, not by way of modification of the Missouri decree, but by way of supersession, of the terms and conditions thereof. Thus,, modification by way of supersession, upon suit of the mother, is clearly allowed in Florida.
Appellee’s argument that public policy permits modification of the support decree only when the child is a resident within Florida’s borders, is unmeritorious. It is true that the overriding consideration of a Florida court when modifying a custody or support decree granted pursuant to a foreign divorce, is the protection of minor children resident within the State of Florida. Lopez v. Avery, supra. However, the major objective in bastardy proceedings is to enforce the father’s duty to support his child. One court declared:
“Further, the majority, or modem view of the purpose of this type of statute [Section 742] is to convert a natural and moral obligation of a father to support his illegitimate offspring into a legal obligation, which attaches to him like any other transitory obligation and is enforceable against him if he may be found within the jurisdiction of the court. There is abundant authority that such proceedings may be prosecuted by the mother even as a non-resident complainant. Thus, the major objective of this type of proceeding is the fulfillment of the father’s natural obligation to support his child and not to prevent the child from becoming a public charge of a certain state.” (de Moya v. de Pena, Fla.App.1963, 148 So.2d 735)
Further, Section 742.021, Fla.Stats., F. S.A., relating to venue and process, allows, a bastardy suit in the county where the mother resides or father resides: “The proceedings shall be by. verified complaint filed in the circuit court of the county in which the woman resides or of the county in which the alleged father resides.” Thus, the insti *492 tution of suit by the mother m Polk County is proper after the defendant was personally served.
The California decree relating to paternity is final and Florida must accord it full faith and credit. The part of the California decree respecting future support payments must be established as a Florida decree. Once established, the chancellor has jurisdiction to modify the decree by way of supersession of its terms and provisions in accordance with Section 742.06, Fla.Stats., F.S.A.
(II) We are now led to the question whether the averments and prayers of the complaint are sufficient to state a claim for relief.
Attached to the complaint is a certified copy of the California judgment. The complaint is framed under Chapter 742, Fla. Stats., F.S.A., Bastardy. There are sufficient averments of changed circumstances. The complaint avers that defendant is a resident of Florida and he was personally served, enough to satisfy Section 742.021, Fla.Stats., F.S.A. of the bastardy statute relating to venue and process. The prayer asks “the court to take jurisdiction of the matter” and further requests the “court in its discretion, enter its decree increasing the amount of child support.”
The appellant, in her brief, states that she is seeking an increase in support payments, under Florida law, of a judgment rendered in California and requests that the court give full faith and credit to the determination of the California court that the defendant is the father of her child.
In her reply brief appellant says:
“Appellant’s complaint was intended to have a two-fold approach. Either the lower court might treat it as simply seeking modification of support or the lower court could instead treat it as an original suit for filiation. The lower court did neither, which leaves this Honorable Court to determine whether an illegitimate child despite a need for increased support loses all right to such an increase by the expedient of the father becoming a non-resident.”
The complaint in this case did not pray the court to establish the California decree as a Florida decree and request modification of it by way of supersession of its terms.
We are of the view that the lower court’s ruling dismissing the complaint was based on the failure of the appellant to fully allege in her complaint sufficient prayers to bring her case within the purview of the Florida decisions. As we have mentioned above, the court allowed the complainant time to amend the complaint but an interlocutory appeal was taken instead of amending the complaint.
Affirmed.
SHANNON and LILES, TJ., concur.