GERALENE COURTNEY KNIFFEN *v.* DANIEL I. COURTNEY.

[No. 570A84. Filed January 28, 1971.]

*James D. Lopp, Sr., James D. Lopp, Jr.,* of Evansville, for appellant.

*Rice & VanStone,* of Evansville, for appellee.

HOFFMAN, C.J.—This appeal arises from the overruling of plaintiff-appellant's motion to correct errors. Plaintiff-appellant filed a complaint asking the court to recognize a Kentucky divorce decree. Defendant-appellee's motion to dismiss[1] alleging that the court lacked jurisdiction of the subject-matter was sustained by the trial court.

Appellant has filed herein her request for oral argument. No appellee's brief was filed and in view of the result reached herein it is not necessary for an oral argument to be held and appellant's request is, therefore, denied.

Where appellee fails to file an answer brief, it is only necessary for appellant to demonstrate a prima facie case of reversible error. *Glidden* v. *Nasby,* 147 Ind. App. 546, 262 N. E. 2d 548, 23 Ind. Dec. 94 (1970) ; *Kuykendall* v. *County Com'rs. of Marion County,* 142 Ind. App. 363, 234 N. E. 2d 860, 13 Ind. Dec. 405 (1968) (transfer denied) ; *Sunn* v. *Martin,* 130 Ind. App. 29, 30, 161 N. E. 2d 487

---

1. Rule TR. 12(B)(1), Indiana Rules of Procedure.

(1959) ; *Wertzberger, Admr., etc.* v. *Herd, et al.,* 128 Ind. App. 85, 88, 146 N. E. 2d 115 (1957).

On January 29, 1970, appellant filed her complaint alleging that on April 24, 1962, the Henderson Circuit Court, Henderson County, Kentucky, having jurisdiction, granted a judgment of absolute divorce to appellant from appellee.

The complaint further alleges that on June 11, 1964, in the same cause, the same court made an order modifying the order for support and maintenance of the two minor children of the parties increasing the payments from $15 to $17.50 per week.

The complaint further alleges that appellant, the minor children who are in her custody, and appellee are all residents of Vanderburgh County, Indiana.

The prayer in appellant's complaint is as follows:

"WHEREFORE, plaintiff prays that the court recognize said judgment and decree of the Henderson Circuit Court, Henderson County, Kentucky, and the plaintiff further prays the Court to modify said judgment and increase the support for said parties minor children, and to render a judgment against the defendant for the arrearage of said support of said minor children, pursuant to said court order and for all other proper relief."

Attached to the complaint are two exhibits. Exhibit "A" is a copy of the judgment of the Henderson Circuit Court of Kentucky. Exhibit "B" is a copy of the order modifying the support order.

Appellee did not answer, but on February 11, 1970, filed a motion to dismiss which, omitting formal parts, is as follows:

"The Defendant in this action moves the court as follows:

"1.   To dismiss the Complaint because it appears on the face of the Complaint that the Court lacks jurisdiction of the subject-matter, in that the divorce was granted in Henderson County, State of Kentucky, and said Court has exclusive and continuing jurisdiction over the minor children of the parties until their majority of [or] emmancipation [emancipation]."

Following oral argument, which is not a part of the record before us, the trial court sustained appellee's motion to dismiss.

Appellant's motion to correct errors alleges that the court erred as a matter of law in dismissing appellant's complaint. Appellant's sole assignment of error is the overruling of her motion to correct errors.

The first question presented by this appeal is: Does the Vanderburgh Superior Court have jurisdiction of the subject-matter?

Article 4, § 1, of the Constitution of the United States provides, in part, that,

> "Full faith and credit should be given in each state to the public acts, records, and judicial proceedings of every other state. * * *"

Acts 1873, ch. 43, § 24, p. 107, Ind. Stat. Anno., § 3-1229, Burns' 1968 Repl., provides:

> "A divorce decree in any other state, by a court having jurisdiction thereof, shall have full effect in this state."

In Vanderburgh County both the Superior and Circuit Courts have jurisdiction in divorce matters.[2]

In *Williams* v. *North Carolina*, 325 U. S. 226, at 229 (1945), Mr. Justice Frankfurther, speaking for the Supreme Court of the United States, stated:

> "A judgment in one State is conclusive upon the merits in every other State, but only if the court of the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment." See also: *Scott* v. *Scott*, 227 Ind. 396, 86 N. E. 2d 533 (1949); *Hardin* v. *Hardin*, 168 Ind. 352, 81 N. E. 60 (1907).

Appellant's complaint specifically alleged "a court of general jurisdiction entered a judgment" and in addition appel-

---

2. See: Acts 1881 (Spec. Sess.), ch. 24, § 3, p. 102, Ind. Stat. Anno., § 4-303, Burns' 1968 Repl.; and Acts 1969, ch. 92, § 4, p. 191, Ind. Stat. Anno., § 4-2964, Burns' 1970 Cum. Supp.

lant attached to the complaint copies of the judgment and the order modifying the amount of support.

The burden of undermining the decree of a sister-State—showing a lack of jurisdiction—is upon the party attacking the decree. *Ulrey* v. *Ulrey*, 231 Ind. 63, 106 N. E. 2d 793 (1952) ; *Williams* v. *North Carolina, supra*. Thus, unless appellee sustains his burden of persuasion and undermines the Kentucky decree—as to its jurisdictional basis—the decree of divorce must be given full force and effect.

Once it is determined that the court of Kentucky had jurisdiction[3] full faith and credit must be given to the decree. *Williams* v. *North Carolina, supra*. However, the courts of Indiana are not obligated to give the decree any further effect than is the State rendering the decree. Thus, those portions of the decree that are not final, *i.e.,* custody and support, fall within the doctrine of comity and if valid in the State granting the divorce are valid in every other State.

The second question presented by this appeal is whether the Superior Court of Vanderburgh County may modify the amount of the support order.

In *White* v. *White*, 214 Ind. 405, at 410, 15 N. E. 2d 86, at 88 (1938), our Supreme Court stated:

"Under the rule of comity among the states, a decree of divorce, awarding the custody of the child of the marriage, must be given full force and effect in other states. The decree of the Michigan Circuit Court granting the divorce cannot be attacked in a court in this state in such manner as to affect the divorce decree. That decree is invalid in fixing the care and custody of the child under the circumstances then existing, and cannot be changed or modified by the court of a sister state, in the absence of fraud, *unless and until conditions are presented to the court of the sister state which show that it would be for the best*

3. Either by appellee's failure to attack the jurisdiction of the court or his failure to sustain his burden.

*interests of the child to modify the decree."* (Emphasis supplied.)

While the court in *White* was dealing with custody, the same rule is applicable to support orders which are incorporated into the divorce decree of a sister-State.

The courts of Indiana have continuing jurisdiction at all times during the minority of the children and have the power to modify their orders. *Zirkle* v. *Zirkle*, 202 Ind. 129, 172 N. E. 192 (1930); Acts 1965, ch. 57, § 1, p. 88, Ind. Stat. Anno., § 3-1219, Burns' 1968 Repl.

The courts of Indiana are without power to modify a support order retrospectively—all modifications operate prospectively only. Indiana does permit cancellation or modification of support orders as to future payments. *Corbridge* v. *Corbridge,* 230 Ind. 201, 102 N. E. 2d 764 (1952).

It appears on the face of appellant's complaint that the court of Kentucky has the power to modify the support order; therefore, the courts of Indiana may modify the support order if conditions presented to the court warrant such action.

Upon a proper showing that it is in the best interests of the children, the Superior Court of Vanderburgh County has the power to modify the support order prospectively, *i.e.,* as to future payments only.

In her complaint appellant also prayed that the court render a judgment against appellee for the arrearage of the support. This court in *McCormick* v. *Collard,* 105 Ind. App. 92, at 95, 10 N. E. 2d 742, at 743 (1938), (transfer denied), made the following statement:

"Where, as in the instant case, there have accrued unpaid installments of support money the total amount of such installments constitutes a debt, evidenced by the record, owing by the one obligated to pay." See also: *Corbridge* v. *Corbridge, supra.*

Foreign divorce decrees providing for periodic payments of support are entitled to full faith and credit to the extent that such periodic payments have accrued. *Catlett* v. *Catlett*, 412 P. 2d 942 (Okla. 1966).

Even where the courts of the jurisdiction rendering the decree are empowered to modify or cancel the accrued arrearage, courts of a sister-State are at liberty to enforce payment of such arrears so long as the husband has not initiated proceedings to modify or cancel the arrears. *Griffin* v. *Griffin*, 327 U. S. 220, 235 (1946).

In accordance with the general principle of conflicts of law where there is no evidence concerning the power of the court rendering the decree to cancel or modify accrued arrears, it will be presumed by the court which entertains the action to enforce payment of arrears that the law of the State rendering the decree is the same as the law of the State entertaining the action. *Clark* v. *Clark*, 380 P. 2d 241 (Okla. 1963) ; *Clester* v. *Heidt's Estate*, 353 P. 2d 699 (Okla. 1960).

Because the courts of Indiana are without the power to modify or cancel the arrears we presume that the law of Kentucky is the same. Thus, it is not necessary that appellant reduce the arrearage to judgment in Kentucky before bringing suit in Indiana to obtain payment. *Accord: Clark* v. *Clark, supra; Clester* v. *Heidt's Estate, supra; Salzano* v. *Salzano*, 74 N.J. Super. 408, 181 A. 2d 414 (1962).

In the instant case the children and both parents reside in Vanderburgh County, Indiana. The State of Indiana has an interest in assuring that minor children are properly supported. Indeed, if parents fail in their obligation to support their minor children, the responsibility falls squarely upon the State or a political subdivision thereof.

In the State of Indiana a valid foreign divorce decree cannot serve as an obstacle, standing in the way of a person

who has legal custody, to enforce the father's legal obligation to provide support or to obtain a judgment for the accrued arrearage of such support.

The Superior Court of Vanderburgh County, having jurisdiction of the parties and the subject-matter, is required to give full faith and credit to the Kentucky divorce decree. Upon a proper showing of changed conditions the court has the power to prospectively modify the support order which is incorporated into the decree. Absent a showing by appellee that the law of Kentucky is to the contrary, the court may also reduce the arrears, if properly supported by the evidence, to a judgment.

Judgment reversed and the trial court is instructed to overrule appellee's motion to dismiss.

Judgment reversed with instructions.

Sharp, Staton and White, JJ., concur.

NOTE.—Reported in 266 N. E. 2d 72.