PIERCE, Chief Judge.
Appellant-defendant D. R.-T. appeals from an order of the lower Court establishing a foreign judgment as a Florida de-244 So.2d — 46 cree and modifying the same by supersession of its terms.
After appellee-plaintiff O. M.’s complaint, seeking an increase in child support under the terms of a California judgment, was dismissed and an interlocutory appeal was brought to this Court, Fla.App.1965, 180 So.2d 488, O. M. reacting to our opinion, filed an amended complaint seeking establishment of the California judgment of filiation as a local decree respecting future support payments and for its modification by way of supersession of its terms and provisions in accordance with F.S. § 742.-06, F.S.A. She sought an increase in the support payments on the grounds that the needs of the child had greatly increased and the circumstances and ability of the father, D. R.-T., to pay support had greatly improved.
Upon final hearing the Court entered order recognizing and establishing the California judgment and increasing the support payments from $75.00 per month to $175.50 per month. The order as amended further provided that “in the event the child becomes enrolled as a student in a recognized college or university the support payments shall be increased to $275.00. per month, and shall continue at that rate so long as the child remains a student, and maintains those grades which are necessary to his securing a degree from said institution”. As provided in the California judgment, the order required that the payments so ordered shall remain in full force and effect until the child reaches the age of twenty-one, marries, dies or becomes self-supporting.
O. M. is the mother of the fifteen year old illegitimate boy in California. In March, 1956, while D. R.-T. was serving a medical residency in California the Superi- or Court of California adjudicated him the father of her illegitimate child and ordered him to pay her the sum of $75.00 per month for the support of the child.
He does not object to the increase from $75.00 to $175.50 per month. His only *754 questions on appeal relate to (1) the additional amount of $100.00 per month in the event the child goes to college, and (2) the duration of his obligation for support.
In Harris v. Harris, Fla.App. 1962, 138 So.2d 376, the 3rd District Court of Appeal of Florida, in considering an order of modification which made provisions for the future college education of a thirteen year old child, held that a Chancellor may not make a declaratory decree as to facts which may or may not occur in the future. Our appellate Courts have held numerous times that the probability or possibility of future changes in circumstances should not be taken into consideration in determining the amount of support awards. Such changes may be conjectural and may never happen. If and when additional support may be needed for the child, as it advances in age, those circumstances may be the basis of consideration of the Court for future modification of the decree. Platt v. Platt, Fla.App.1958, 103 So.2d 253; Dur-den v. Durden, Fla.App.1962, 137 So.2d 29; Boyle v. Boyle, Fla.App. 1964, 164 So.2d 566; 89 A.L.R.2d 7. In the case sub ju-dice, if and when the child becomes enrolled in a college or university O. M. will be privileged to petition for a further modification of the award.
D. R.-T.’s next point questions the duration of his obligation for support of the minor child. The lower Court found that the portion of the California judgment imposing the duty to support the minor child until age twenty-one is final, and must be accorded full faith and credit by the local Court. Accordingly the lower Court found that it did not have authority to interfere with or change that portion of the California judgment relating to the duration of time for which support is owed. We do not agree with the lower Court’s finding.
This matter is one of first impression. Nowhere have we been able to find any case in Florida or in any other jurisdiction dealing with this question. When this case was before this Court on interlocutory appeal, 180 So.2d 488, supra, this issue was not raised. In that case the Court pointed out that the decree of the California Court retained jurisdiction to modify the future unaccrued support payments on a showing of changed circumstances of the parties. In a well reasoned opinion Judge Allen reviewed the Florida cases regarding full faith and credit, establishment of foreign decrees, and modification by way of super-session, and we find no reason to review those cases again. The Court concluded:
“The California decree relating to paternity is final and Florida must accord it full faith and credit. The part of the California decree respecting future support payments must be established as a Florida decree. Once established, the chancellor has jurisdiction to modify the decree by way of supersession of its terms and provisions in accordance with Section 742.06, Fla.Stats., F.S.A.”
See Bjorgo v. Bjorgo, Tex.1966, 402 S.W. 2d 143; and the annotation on “Foreign Bastardy Order — Installments,” in 16 A.L. R.2d 1098, 1100-1101.
This is not a case where the appellee asked that the Florida Court establish the judgment of the foreign Court as a local judgment and enforce its provisions on the basis of comity, but one in which she requested that the decree be established as a local decree respecting future payments and its terms and provisions modified by way of supersession in accordance with F. S. § 742.06, F.S.A. If O. M. had chosen to have had the decree modified in California, then under the rule of comity the decree, as to future installments, could have been established as a local decree and enforced by those equitable remedies customary in the enforcement of our local decrees for support. Sackler v. Sackler, Fla. 1950, 47 So.2d 292; Cox v. Pow, Fla.App. 1966, 182 So.2d 31. Since she elected to have the decree established here and then modified by way of supersession in accordance with F.S. § 742.06, F.S.A., it is our view that *755 she must abide by the provisions of our Florida Bastardy Act, F.S. chapter 742, F. S.A. Under chapter 742 the obligation for support of an illegitimate child terminates when the child attains age eighteen. See 1951 Op.Atty.Gen. 051-408; F.S. § 742.041, F.S.A.
The trial Court erred, after establishing the California judgment as a Florida decree respecting future support payments, in finding that he did not have authority to change that portion of the California judgment relating to the duration of time for which support is owed when he modified the decree by way of supersession of its terms and provisions in accordance with F.S. § 742.06, F.S.A.
The order appealed is reversed and remanded with directions to enter an order (1) deleting the provision for an increase in support to $275.50 per month in the event the child becomes enrolled as a student in a recognized college or university; and (2) providing for the termination of the support payments when the child reaches the age of eighteen, marries, dies or becomes self-supporting.
Reversed and remanded.
McNULTY, J., concurs.
MANN, J., concurs in part and dissents in part with opinion.