James WRIGHT, Appellant
(Defendant Below),

v.

Agnes Wright BROWN, Appellee
(Plaintiff Below),

and

Vinnie Anderson, Nominal Appellee.

No. 79A02–8706–CV–248.

Court of Appeals of Indiana,
Second District.

Sept. 26, 1988.

Thomas W. Munger, Lafayette, for appellant.

Richard M. Holmes, Covington, for appellee.

SHIELDS, Presiding Judge.

James Wright appeals the judgment against him in his former wife's action to enforce a foreign judgment. We affirm.

Three issues are presented:

1. Did the trial court err in denying James' motion to dismiss?

2. Did the trial court err in modifying its original judgment?

3. Is the modified judgment erroneous because the support arrearage had not been reduced to a final money judgment in Illinois? [1]

James Wright and Agnes Wright Brown were divorced on December 8, 1967, in Illinois by a decree entered by the Circuit Court for the Fifth Judicial Circuit, Vermilion County, Illinois. The decree ordered James to pay Agnes "for child support, the sum of $30.00 each week" for their two children. Record at 85C. James failed to pay the ordered support until February 13, 1980, when he made his first payment. On June 15, 1984, Agnes initiated this action against James, now an Indiana resident, for the unpaid previously ordered support. In part, she alleged the Illinois court which had entered the divorce decree had entered an order on February 8, 1980, finding James in "wilful and contumacious contempt of Court for his failure to pay child support as previously ordered ... in the amount of ... $24,580 as of and including November 9, 1979...." Record at 85D.

James filed a motion to dismiss the action for failure to state a claim which the trial court overruled. Following a bench trial, the trial court entered a judgment on February 4, 1987, for Agnes and against James for $24,580. On April 6, 1987, James filed a Motion to Correct Errors which the trial court denied on May 13, 1987. On August 26, 1987, on its own motion the trial court entered an order denominated as an Nunc Pro Tunc Order in which it stated its February 4, 1987, judgment

---

1. James' Statement of Issues contains a stated fourth issue. However, that issue is waived because it is not argued in his brief.

is incorrect in that through clerical error and oversight judgment for $24,580.90 was entered.... The amount of said judgment was for unpaid child support based on an order whereby [James] was to pay [Agnes] child support at the rate of $30.00 per week from December 8, 1967 to February 8, 1980. There are 634 weeks in this period, and at $30.00 per week the judgment should have been for $19,020.00.

IT IS THEREFORE ORDERED AND DECREED that the judgment entered herein ... be and the same hereby is corrected to conform to the actual judgment intended and announced by striking therefrom the judgment amount of $24,-580.00 and inserting therein the amount of $19,020.00.

Record at 79A.

The trial court did not err in denying James's motion to dismiss for failure to state a claim. According to James,

[i]t is clear from the plaintiff's complaint herein that she sought a judgment in this court based entirely upon an order for support contained in a divorce decree entered on December 8, 1967, in the Circuit Court for the Fifth Judicial Circuit of Illinois, at Danville in said state.

Appellant's brief at 36.

We agree; however, we disagree with the conclusion James draws from the nature of the action.

■ James contends Agnes' action should have been dismissed because her complaint failed to allege the existence of any Illinois money judgment against him for back support. He is incorrect. The complaint was sufficient because it alleged the existence of the Illinois judgment of divorce which included a support order of $30.00 per week. That divorce judgment is entitled to enforcement in Indiana without first reducing the support arrearage to judgment in Illinois in accord with the principles of law enunciated in our decision in *Kniffen v. Courtney* (1971), 148 Ind.App. 358, 364–65, 266 N.E.2d 72, 76:

In her complaint appellant also prayed that the court render a judgment against appellee for the arrearage of the support. This court in *McCormick v. Collard*, 105 Ind.App. 92, at 95, 10 N.E.2d 742, at 743 (1937), (transfer denied), made the following statement:

"Where, as in the instant case, there have accrued unpaid installments of support money the total amount of such installments constitutes a debt, evidenced by the record, owing by the one obligated to pay." See also: *Corbridge v. Corbridge, supra* [230 Ind. 201, 102 N.E.2d 764 (1952)].

Foreign divorce decrees providing for periodic payments of support are entitled to full faith and credit to the extent that such periodic payments have accrued. *Catlett v. Catlett*, 412 P.2d 942 (Okla. 1966).

Even where the courts of the jurisdiction rendering the decree are empowered to modify or cancel the accrued arrearage, courts of a sister-State are at liberty to enforce payment of such arrears so long as the husband has not initiated proceedings to modify or cancel the arrears. *Griffin v. Griffin*, 327 U.S. 220, 235, 66 S.Ct. 556, 563, 90 L.Ed. 635 (1946).

In accordance with the general principle of conflicts of law where there is no evidence concerning the power of the court rendering the decree to cancel or modify accrued arrears, it will be presumed by the court which entertains the action to enforce payment of arrears that the law of the State rendering the decree is the same as the law of the State entertaining the action. *Clark v. Clark*, 380 P.2d 241 (Okla. 1963); *Clester v. Heidt's Estate*, 353 P.2d 699 (Okla. 1960).

Because the courts of Indiana are without the power to modify or cancel the arrears we presume that the law of Kentucky is the same. Thus, it is not necessary that appellant reduce the arrearage to judgment in Kentucky before bringing suit in Indiana to obtain payment. *Accord: Clark v. Clark, supra; Clester v. Heidt's Estate, supra; Salzano v. Salzano*, 74 N.J. Super. 408, 181 A.2d 414 (1962).

Second, Wright claims the trial court erred when it modified its judgment after it lost jurisdiction.[2] We disagree. The error the trial court corrected was a mathematical computation error. Such errors may be corrected by a nunc pro tunc entry at any time except during the pendency of an appeal. Indiana Rule of Trial Procedure 60(A); *Drost v. Professional Bldg. Serv. Corp.* (1978), 176 Ind. App. 172, 375 N.E.2d 241.

For his third error, Wright claims the judgment is contrary to law because his support arrearage had not been rendered to a money judgment in Illinois. There is no error for the same reason the trial court did not err in denying his motion to dismiss.

JUDGMENT AFFIRMED.

SULLIVAN and HOFFMAN, JJ., concur.

---

**2.** Wright fails to raise an issue pertaining to the adequacy of notice of the corrective entry. However, even had he done so, at most we would have reversed the judgment and remanded the cause with instructions to re-enter the same $19,020.00 judgment because the mathematical computation error is apparent.