BIEDRON *v.* BIEDRON.

[No. 18,862. Filed March 3, 1958.]

*Sevald & Sevald,* of Hammond, for appellant.

*Joseph L. Skozen,* of Hammond, for appellee.

PFAFF, J.—Appellee was awarded a divorce from appellant and appellant was awarded the custody of the minor child of the parties. The court ordered that appellee pay into the office of the Clerk of the Lake Superior Court the sum of $27.50 semi-monthly for the support of the child. Appellant and the child are and were at all times residents and nationals of Poland.

As the payments accrued and were made, the Clerk of the court issued his checks to appellant therefor drawn on the Commercial Bank of Crown Point, Indiana. Appellant was unable to cash these checks on a foreign exchange in Poland. Thereafter, appellant

appointed Euzebiusz Chyla, Vice-Consul of the Republic of Poland, now Polish People's Republic, as her attorney-in-fact, and filed her petition requesting an order that the Clerk pay the aggregate sum represented by such checks upon the surrender of the checks to said attorney-in-fact and that all future checks be made payable to him instead of to her individually.

Appellee filed what was designated as a petition to intervene in which he alleged that appellant and the child will not receive the benefit of the funds in the hands of the Clerk due to the regulations of the Republic of Poland, but that said funds will be retained by the Polish government and the person to whom the remittance is to be directed would receive about twenty percent of the actual or full value of an American dollar and the remainder, in effect, would be confiscated by the Polish state. The prayer of this petition is as follows:

"WHEREFORE, petitioner prays that the Court authorize and order the Clerk to pay all funds held by him for the use of the child, and that the order be modified so that the plaintiff be ordered to send articles of necessity directly to the defendant for the use of the child."

The court, after a hearing, entered an order that,

"Comes now the defendant and appears by her attorney, Dominic P. Sevald and comes now the plaintiff and appears by his attorney, Joseph L. Skozen, and the petition of defendant for order to pay support money heretofore paid by plaintiff to be paid to the defendant's attorney in fact and the petition to intervene and vacate the order of support order and reimbursement of funds paid by the plaintiff to the clerk on said support order, is now submitted for hearing and determination, and the plaintiff's and defendant's petitions are now submitted as evidence and a certain letter addressed to Ray J. Madden, Congressman of the First Congressional District

of Indiana, by the Department of State of the United States, dated November 29, 1954, concerning remittances to residents of the Republic of Poland, showing that such remittances are in effect confiscated by the Republic of Poland, the court now denies the defendant's petition and grants the plaintiff's petition and vacates the order of support heretofore entered in said cause and the Clerk is now ordered to pay and refund to the plaintiff all funds held by him, paid by the plaintiff pursuant to said support order."

The appellant thereupon filed a motion to vacate, which motion and ruling is as follows:

"Comes now the defendant, Anna Biedron and respectfully shows to the court, as follows:

"1. That this honorable court on October 2nd, 1953 made and entered in this cause, which was an action for divorce, an order against the plaintiff herein requiring him to pay into the office of the Clerk of this court for support of parties' minor child, Adam Biedron, born January 10th, 1940, the sum of Twenty-seven Dollars and Fifty Cents ($27.50) semi-monthly, on the 1st and 15th days of each month, first payment of Twenty-seven Dollars and Fifty Cents ($27.50) to commence on the 15th day of October, 1953, and that the court then also awarded to this defendant the care and custody of said child, as more fully appears in Order Book 50, page 81, of this court.

"2. That pursuant to said order of this court, the plaintiff did make payments for said purpose to the Clerk of the court, aggregating the sum of Eight Hundred Eighty Dollars ($880.00).

"3. That, accordingly, the Clerk of the court did issue to this defendant his private checks aggregating the sum of Six Hundred Sixty Dollars ($660.00), paid to the Clerk up to the time of filing her petition herein on November 10th, 1954, which checks this defendant returned to the Clerk of the court on November 10th, 1954, for the reasons mentioned in her said petition; that the difference between Six Hundred Sixty Dollars ($660.00) and Eight Hundred Eighty Dollars ($880.00) was accumulated and was paid by the

plaintiff into the office of the Clerk of this court for said purposes in compliance with said order of the court between the time of filing of said petition and filing of plaintiff's petition to intervene, on April 1st, 1955.

"4. That this honorable court on July 1st, 1955 on the issues so presented upon petition of this plaintiff filed on November 10th, 1954 and the petition filed on April 1st, 1955, entered the following order:

" 'Comes now the defendant and appears by her attorney, Dominic P. Sevald, and comes now the plaintiff and appears by his attorney, Joseph L. Skozen, and the petition of the defendant for order to pay support money heretofore paid by plaintiff to be paid to the defendant's attorney-in-fact and the petition to intervene and vacate the order of support and reimbursement of funds paid by the plaintiff to the Clerk on said support order is now submitted for hearing and determination, and the plaintiff's and defendant's petitions are now admitted as evidence and a certain letter addressed to Ray J. Madden, Congressman of the First Congressional District of Indiana by the Department of State of the United States dated November 29th, 1954, concerning remittances to residents of the Republic of Poland showing that such remittances are in effect confiscated by the Republic of Poland. The court now denies the defendant's petition and grants plaintiff's petition and vacates the order of support heretofore entered in said cause and the Clerk is now ordered to pay and refund to the plaintiff all funds held by him paid by the plaintiff pursuant to said support order. All of which is so ordered this 1st day of July, 1955.'

"as same fully appears in Order Book 54, page 200 of this court.

"5. That said last mentioned order was made and entered on the alleged sole ground, namely, because of certain communication (letter) received by the presiding Judge of this court, the Hon. Anthony B. Roszkowski, consisting of a letter addressed to Ray J. Madden, Congressman, First Congressional District of Indiana, by the Department of State of the United States, dated No-

vember 29th, 1954, concerning remittances to residents of the Republic of Poland, showing that such remittances are in effect confiscated by the government of Poland, specifically referred to in said order, and based upon no other evidence, ground or reason.

"6. That this defendant, Anna Biedron, has, since said order of support was entered herein on October 2nd, 1953, continuously, up to the present time and now does have the care and custody of said minor child of the parties to this proceeding and has, throughout said period of time furnished and furnishes all the necessities of life for said child, including care, all food, clothing, shelter and education, much in excess in value in dollars and cents than provided in said order of October 2nd, 1953, and, therefore, under the laws of the State of Indiana has an interest in said funds paid into the office of the Clerk of the court, aforesaid.

"Wherefore, she prays and moves the court to vacate and set aside its order of July 1st, 1955, for the following reasons and upon the following grounds:

"1. Because the court was without jurisdiction to then enter such an order upon the pleadings then presented;

"2. Because the order, as entered, is contrary to law and is not sustained by sufficient evidence;

"3. Because the order, as entered, is tantamount to an order of confiscation and deprivation of vested property rights of this defendant in violation of the laws of the State of Indiana and the United States and the world at large, in such a case made and provided;

"4. Because confiscation by the Republic of Poland of this defendant's vested property rights, is no ground or justification for like confiscation by judgment of this honorable court, but to the contrary, it is greatly in violation of her rights under a democratic form of government of the United States of America, because 'two wrongs do not constitute one right,' a principle as old as life itself.

"5. Because confiscation if it exists, by the Republic of Poland, of which this petitioner is not

aware, of this defendant's vested property rights, at most, constitutes a ground for this defendant's protection and preservation by this honorable court of this defendant's vested property rights in the funds in question; and

"This defendant further prays and moves the court to reinstate the support order of October 2nd, 1953 for the following reasons:

"1.   Because the ground for which it was vacated is neither a legal nor an equitable ground for setting aside an order, and because no valid ground exists for such an order to be vacated;
"2.   So that plaintiff may be required to fulfill his obligation and sacred duty imposed by law, namely, to support his minor child, Adam Biedron, no matter where he may be found;

"And, lastly, defendant prays and moves the court that if in its judgment the government of the Republic of Poland will confiscate her vested property rights in said funds, aforesaid, that said order of July 1st, 1955 be further modified, in this: That this honorable court by its order preserve and protect her said rights by creation of a trust and appointment of a competent trustee, with such powers as to this court may seem just and proper, until the situation changes and until further order of the court, and for such other and further order as the court for her and said minor's protection may find just and proper."

·   ·   ·   ·   ·   ·   ·   ·   ·

"  .   .   .   It Is, Therefore, Ordered and Adjudged that the motion of the defendant be and it is hereby in all respects denied and that the defendant, Anna Biedron, take nothing by her motion and that she pay all costs herein laid out and expended."

In this state after support installments have accrued, the court is without power to reduce, annul or vacate such orders retrospectively, and therefore the court committed error in attempting to do so. *Zirkle* v. *Zirkle* (1930), 202 Ind. 129, 172 N. E. 192; *Corbridge* v. *Corbridge* (1952), 230 Ind. 201, 102 N. E. 2d 764; *Ginn* v. *Ginn* (1941), 108

Ind. App. 553, 31 N. E. 2d 65. In *Corbridge* v. *Corbridge, supra,* the Supreme Court said, at page 206:

"We agree with the statement of the Appellate Court of Indiana in *McCormick* v. *Collard* (1937), 105 Ind. App. 92, 95, 10 N. E. 2d 742, that 'Where, as in the instant case, there have accrued unpaid installments of support money the total amount of such installments constitutes a debt, evidenced by the record, owing by the one obligated to pay.' After support installments have accrued, the court is without power to reduce, annul or vacate such orders retrospectively, and a petition to modify only operates prospectively. *Zirkle* v. *Zirkle* (1930), 202 Ind. 129, 172 N. E. 192. See also note 94 A.L.R. 332; *Adair* v. *Superior Court* (1934), 44 Ariz. 139, 33 P. 2d 995, 94 A.L.R. 328. Where support money is ordered to be paid to the mother who has custody of a minor child, she becomes a trustee of the funds for the use and benefit of the child. *Stonehill* v. *Stonehill* (1896), 146 Ind. 445, 447, 45 N. E. 600; *Carson* v. *Carson* (1950), 120 Ind. App. 1, 89 N. E. 2d 555. The husband becomes a debtor to the mother trustee as the installments accrue, and the father cannot reduce or avoid his civil liability for the accrued debt by showing the trustee has expended for the benefit of the child amounts less than ordered. The order for support was fixed for necessities of the child considering the station in life of the parties, and the particular facts and circumstances in the case. *Morris* v. *Morris* (1931), 92 Ind. App. 65, 171 N. E. 386. Until the order is modified the beneficiary of the trust is entitled to the collection of the amounts ordered, and the child's interest in the order cannot be defeated by any failure of the trustee to expend an equivalent amount from her own funds. *Pavuk* v. *Scheetz* (1940), 108 Ind. App. 494, 29 N.E. 2d 992, insofar as it is in conflict with this opinion, is overruled."

See also 6 A. L. R. 2d 1277.

Appellant insists that it is error to modify an order for child support in the absence of evidence of a change

of conditions since the entering of the original order. The necessity of a change of conditions before modification of an order as to the custody of children has been frequently discussed by our courts. *Renard* v. *Renard* (1956), 126 Ind. App. 245, 132 N. E. 2d 278; *McKay* v. *Carstens* (1952), 231 Ind. 252, 108 N. E. 2d 249; *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 102 N. E. 2d 499; *McCormick* v. *Collard* (1937), 105 Ind. App. 92, 10 N. E. 2d 742. The necessity of a change in conditions before modification of an order as to child support has also been indicated. *Julian* v. *Julian* (1916), 60 Ind. App. 520, 111 N. E. 196; *Tobin* v. *Tobin* (1902), 29 Ind. App. 382, 64 N. E. 624; *Denning* v. *Star Publishing Co.* (1932), 94 Ind. App. 300, 180 N. E. 685; see also 17A Am. Jur. (Divorce and Separation), §862, p. 49.

A letter from the United States Department of State addressed to the Hon. Ray J. Madden, Congressman of the First Congressional District of Indiana, was introduced in evidence without objection. This letter reads as follows:

"I have received your letter of November 17, 1954 inquiring concerning the transmission of money to Communist controlled countries, such as Poland.

"There are no restrictions so far as this Government is concerned with regard to the transmission to Poland of the funds involved. If desired, the transfer may be effected either through banking channels or through the good offices of a Polish representative. The Department understands that when arrangements are made for the transmission of remittances through banking channels it is possible also to arrange for the remitting agent to supply acceptable evidence of the receipt of the funds by the person to whom they are directed. The Department is informed, however, that under the Polish foreign exchange control regulations dollar funds remitted through either of these channels are retained by the Polish Government,

and the persons to whom the remittances are directed receive Polish currency at the rate of only four zlotys to the dollar. It might also be noted that these same regulations are understood to provide that permanent residents of Poland must report to the Polish Government the acquisition of any foreign exchange assets and, upon demand, must assign such assets to the Polish Government against reimbursement in local currency.

"Even though there may be no regulatory obstacle to private remittances to individuals in Poland, it may be of interest to you to be informed of the situation as regards payment by this Government of annuities or similar benefits under Federal legislation to persons residing in Poland. The Secretary of the Treasury is authorized by law to determine the countries to which United States Treasury checks may not be sent because local conditions preclude assurance that the payee will receive the check, and if he does receive it, will be able to negotiate it for its full value. The list of countries to which such checks are not sent (16 FR 3479) includes Poland. As of possible interest attention is directed to 111 N. E. 2d, page 424, *in re Braier's Estate* (New York 1953)."

It is stated in 17A Am. Jur. (Divorce and Separation), §862, p. 49:

"*Facts Which Justify Modification.* The ■ considerations upon which the doctrine of res judicata is based, that the court should not be called upon to adjudicate twice upon the same set of facts and that an adversary should not be twice vexed for the same cause of action, if applied strictly, require the rule that a petition to modify an order for the support of a child cannot be based on the same set of facts that existed when the original order was made. In order to justify a modification there must have been a substantial change in the material circumstances since the original order was made. Conversely, a decree for child support is res judicata only as long as the circumstances remain the same as when the decree was rendered. . . . . "

In this case payments were being made into the office of the Clerk of the court, in accordance with the court order. Checks were written against these payments in accordance with the usual procedure in such cases. Orders for child support were made for the benefit of the child, and it must have been contemplated by the court that the payments could be so utilized at that time or at least within a reasonable future time. But as time went on, the checks were not being cashed and the child was not receiving the benefits thereof. Upon the court's attention being called to this fact by the parties, and upon it being shown that it would be impossible for the child to receive benefits of future payments under the usual procedure in such cases, and but about twenty percent of the value of such payments would be available for the support of the child under the present conditions should the money be transmitted to Poland through the means requested by appellant, in our opinion, a situation was presented which entitled the court to take action with respect to the modification of the order. The situation here does not appear to us to be one where the reasoning underlying the considerations upon which the doctrine of res judicata are based is applicable, even though it were to be conceded that the same situation may have existed with reference to the transmission of money to the Republic of Poland when the original order was made.

It is not imperative under all circumstances that an allowance be made for the support of a minor child. *Seward* v. *Seward* (1956), 126 Ind. App. 607, 134 N. E. 2d 560; *Conn* v. *Conn* (1877), 57 Ind. 323. In our opinion the court did not abuse its discretion in this case in vacating the order as to future payments.

In view of our conclusion it is unnecessary to con-

sider other questions which may be presented by the record.

Judgment reversed and cause remanded with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Kelley, C. J., Royse, P. J., and Bowen, Cooper and Crumpacker, JJ., concur.

NOTE.—Reported in 148 N. E. 2d 209.