Dwonna Gayle Gwaltney **CARDWELL Appellant,**

v.

Kenneth Wayne **GWALTNEY, Appellee.**

No. 87A01–9002–CV–80.

Court of Appeals of Indiana, First District.

July 17, 1990.

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellant.

Charles L. Martin, Boonville, for appellee.

ROBERTSON, Judge.

The sole issue raised in this appeal is whether an individual should be absolved from paying child support because of his incarceration.

The underlying material facts show that the appellant Cardwell and the appellee Gwaltney were divorced with Gwaltney ordered to pay child support. About a year and one half later, Gwaltney filed a petition to modify the support order based upon the reason that he had spent a year in jail. Gwaltney sought to be absolved from the support which had accrued during that

year and to have future support reduced. Cardwell and Gwaltney reached an agreement that, among other things, excused Gwaltney from paying support for the year he was imprisoned. The trial court approved the agreement; however, that agreement was challenged when the county prosecuting attorney appeared in the matter and sought to set aside the agreement because Cardwell had been a recipient of AFDC funds through the State and had assigned her support rights. The trial court refused to set aside the earlier agreements with this appeal resulting.

Even though the trial judge was prompted by equitable concerns when Gwaltney was excused from paying support the law is that any modification of a support order must act prospectively:

> In *Biedron v. Biedron* (1958), 128 Ind. App. 299, 148 N.E.2d 209, the Appellate Court of Indiana said, "in this state after support installments have accrued, the court is without power to reduce, annul or vacate such orders retrospectively, and therefore, the court committed error in attempting to do so." (Citations omitted). Therefore, payments must be made in the manner, amount, and at the times required by the support order embodied in the divorce decree until such order is modified or set aside. *Stitle v. Stitle,* (1964), 245 Ind. 168, 197 N.E.2d 174. Indiana does permit cancellation or modification of support orders as to future payments; but, all modifications operate prospectively. *Kniffen v. Courtney* (1971), 148 Ind.App. 358, 266 N.E.2d 72; *Haycraft v. Haycraft,* (1978), Ind.App. [176 Ind.App. 211], 375 N.E.2d 252.

*Jahn v. Jahn* (1979), 179 Ind.App. 368, 385 N.E.2d 488, 490. *See also O'Neil v. O'Neil* (1988), Ind.App., 517 N.E.2d 433 (transfer granted on other grounds).

> Additionally, I.C. 31–2–11–12 provides:
>
> Modification of delinquent support payment.
>
> (a) Except as provided in subsection (b), *a court may not retroactively modify* an obligor's duty to pay a delinquent support payment.

> (b) A court with jurisdiction over a support order may modify an obligor's duty to pay a support payment that becomes due:
>
> (1) After notice of a petition to modify the support order has been given to each obligee; and
>
> (2) Before a final order concerning the petition for modification is entered. (Emphasis added.)

Although the Indiana Child Support Guidelines, effective October 1, 1989, were not officially in use at the time of the trial court's decision in this appeal, we are of the opinion that a part of the commentary to Ind. Child Support Guideline 2 takes into consideration existing statutes and case law as heretofore cited. That part of the commentary reads:

> Even in situations where the non-custodial parent has no income, Courts have routinely established a child support obligation at some minimum level. An obligor cannot be held in contempt for failure to pay support when he does not have the means to pay, but the obligation accrues and serves as a reimbursement to the custodial parent, or, more likely, to the welfare department if he later acquires the ability to meet his obligation.

We conclude that the trial court erred in retroactively excusing Gwaltney's support obligation for the time he was incarcerated.

Cause reversed and remanded for further action not inconsistent with this opinion.

Reversed and remanded.

RATLIFF, C.J., and CONOVER, J., concur.