**INDIANA DEPARTMENT OF PUBLIC WELFARE, Appellant–Defendant,**

v.

**Peter MURPHY, Appellee–Plaintiff.**

**No. 64A03–9207–CV–197.**

Court of Appeals of Indiana,
Third District.

Feb. 15, 1993.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant-defendant.

Michael W. Back, Crown Point, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Indiana Department of Public Welfare (State) appeals the entry of summary judgment in favor of appellee-plaintiff Peter Murphy (Peter).

The facts relevant to this appeal disclose that Peter and Tina Murphy were formerly husband and wife. During the course of their marriage, a child (Child) was born on June 14, 1984. Peter and Tina were later divorced, and on April 12, 1985, a final decree of dissolution was entered. Pursuant to the decree, the parties stipulated that Tina was to have custody of the Child and a support order was entered against Peter. After the dissolution, Tina applied for and received Aid to Families with Dependent Children (AFDC) benefits administered by the State. The State collected its money for the AFDC payments made to

Tina from Peter through income tax refunds and garnishments. As a result, the State has received the $9,824.74 which has been paid to Tina for the benefit of the Child.

Tina and Timothy Gasaway (Timothy) married on March 24, 1986. On January 19, 1989, a blood test disclosed to a probability of 99.7 percent that Timothy was the biological father of the Child. On February 1, 1989, Tina and Peter agreed that until the issue regarding actual paternity was resolved, Peter should not be required to pay child support. A court order abating his support obligation was entered.

On August 1, 1989, Timothy filed a petition for adoption of the Child. Peter filed a petition for the reimbursement of the money which had been collected by the State. By stipulation, the parties agreed that Peter would pursue his action for reimbursement separately. The trial court granted the adoption on September 22, 1989.

On August 26, 1990, Peter filed a complaint contending that since it has been determined that he is not the Child's biological father, he is entitled to reimbursement of the money erroneously collected by the State, as the assignee of Tina, under the original support order.

Peter filed his motion for summary judgment on November 25, 1991, and the State responded asking that summary judgment be granted in its favor. After the parties had stipulated that there were no contested issues of fact, the trial court granted summary judgment in favor of Peter holding that the State improperly recovered $9,824.74 from the wrong person and that sum must be returned to him. The State now appeals.

■ The State contends that the trial court erred in granting Peter's motion for summary judgment. In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. We may grant summary judgment only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). When, as here, the parties agree that no genuine issue of material fact exists, summary judgment is appropriate only if it is supported as a matter of law. *Church Bros. v. Merchants Nat. Bank* (1990), Ind.App., 559 N.E.2d 328, 330.

■ As the State points out, a court is without power to retroactively modify an obligor's duty to pay a delinquent child support payment.

IND.CODE § 31-2-11-12(a);

*Cardwell v. Gwaltney* (1990), Ind.App., 556 N.E.2d 953, 954.

As we have previously explained:

" 'in this state after support installments have accrued, the court is without power to reduce, annul or vacate such orders retrospectively, and therefore, the court committed error in attempting to do so.' (Citations omitted). Therefore, payments must be made in the manner, amount, and at the times required by the support order embodied in the divorce [dissolution] decree until such order is modified or set aside. *Stitle v. Stitle* (1964), 245 Ind. 168, 197 N.E.2d 174. Indiana does permit cancellation or modification of support orders as to future payments; but, all modifications operate prospectively. *Kniffen v. Courtney* (1971), 148 Ind.App. 358, 266 N.E.2d 72, *Haycraft v. Haycraft* (1978), 176 Ind.App. 211, 375 N.E.2d 252."

*Jahn v. Jahn* (1979), 179 Ind.App. 368, 370, 385 N.E.2d 488, 490–491.

■ Additionally, IND.CODE § 31-2-11-12 (1988 Ed.) provides:

**"Modification of obligor's duty to pay**

(a) Except as provided in subsection (b), a court may not retroactively modify an obligor's duty to pay a delinquent support payment.

(b) A court with jurisdiction over a support order may modify an obligor's duty to pay a support payment that becomes due:

(1) after notice of the petition to modify the support order has been given either directly or through the appropri-

ate agent to the obligee or, if the obligee is the petitioner, to the obligor; and

(2) before a final order concerning the petition for modification is entered."

Hence, retroactive modification of an obligor's duty to pay child support is prohibited except where the payment becomes due *after* a petition to modify the support order has been filed and proper notice given.

In the present case, Peter and Tina agreed by order filed February 1, 1989, to abate Peter's support obligations for the Child. By law, the modification operated prospectively, not retrospectively. Thus, Peter should have been relieved of his obligation to pay future support payments but not the support arrearages which had accrued under the dissolution decree. In his motion for summary judgment, Peter contends that since January of 1985, the State has collected $9,824.74 from him, $5014.24 of which has been collected since the determination that he was not the father of the Child. The State counters that the money collected was an arrearage; thus, Peter is not entitled to a reimbursement. We agree with the State. It is not the date that the money was collected that is the determinative factor; rather, it is the date that the support payments accrued. We conclude that the State is entitled to collect any payments which accrued before the agreed order of February 1, 1989.

Peter cites *Fairrow v. Fairrow* (1990), Ind., 559 N.E.2d 597, to support his contention that he is entitled to a reimbursement from the State. In *Fairrow*, the former husband petitioned under Ind. Trial Rule 60(B)(8) for termination of a child support order after it was determined by conclusive medical evidence that he could not be the child's father. In terminating the order, our supreme court declared that public policy disfavors a support order against a man who is not the child's father. *Id.* at 600. Likewise, we agree that Peter is entitled to relief from future support payments. However, the trial court's grant of summary judgment, to the extent that it attempts to retroactively modify support pay-

ments, is contrary to law. *See Cardwell,* 556 N.E.2d at 954.

Reversed and remanded.

GARRARD and FRIEDLANDER, JJ., concur.