STATE of Indiana, As Assignee of Support Rights of Judy K. Funnell (Now Brown), Appellant–Petitioner Below,

v.

Edward Allen FUNNELL, Appellee–Respondent Below.

No. 71A03–9210–CV–351.

Court of Appeals of Indiana,
Third District.

April 28, 1993.

Linley E. Pearson, Pamela Carter, Attys. Gen., Daniel E. Morris, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, Julie P. Verheye, Mishawaka, for appellant.

Stephen G. Drendall, South Bend, for appellee.

STATON, Judge.

The State of Indiana, as assignee of the support rights of Judy Brown, appeals the order of the trial court which set off Edward Funnell's child support arrearage against Judy's child support arrearage. In a cross-appeal, Edward contends the trial court erred when it failed to consider voluntary payments he made to Judy as a

"credit" which he could use against future support payments or against past arrearages.

We affirm in part and reverse in part.

Judy and Edward are divorced. On December 1, 1980, Judy applied for Aid to Families with Dependent Children (AFDC) and assigned her accrued, pending and continuing support rights against Edward to the State.[1] On June 14, 1982, Judy, through the prosecutor of St. Joseph County, filed a verified petition of support against Edward. On July 9, 1982, the trial court ordered Edward to pay $200.00 per month in child support.

By August 19, 1984, Edward owed arrearages of $772.00.[2] On September 7, 1984, Edward received custody of the children, and Judy was ordered to pay support. This order terminated the 1980 assignment of future support rights to the State and terminated Judy's eligibility to receive AFDC funds. However, the State retained its assigned rights in the accrued support.

On August 19, 1985, the parties stipulated the children's custody back to Judy, but no support order was entered.[3] In the following years, Edward voluntarily paid Judy $8,100.00[4] in support. On March 15, 1990, custody was modified, and Judy was ordered to pay support. On January 30, 1992, the custody was again modified, and Edward was ordered to pay support.

In February 1992, Judy assigned her support rights to the State. On May 14, 1992, the trial court found Judy owed arrears of $810.00 through January 25, 1992, and Edward owed arrears of $772.00 through January 31, 1992. The trial court then set off the arrears which resulted in a thirty-eight dollar credit for Edward. The trial court found the setoff bound Judy and the Department of Public Welfare.

## I.

### Setoff of Arrearages

■ The State argues the trial court improperly set off Edward's arrearages which were assigned to the State against Judy's arrearages. We agree. The trial court incorrectly treats the child support as an obligation from parent to parent. The custodial parent stands in a fiduciary capacity when receiving children's support payments. *Lizak v. Schultz* (1986), Ind., 496 N.E.2d 40, 42; *Jenkins v. Jenkins* (1991), Ind.App., 567 N.E.2d 136, 140. Because the payor's obligation is to the child and not the custodial spouse, the payor cannot withhold support payments to set off a debt owed by the custodial spouse. *Id.* But see *Bendix v. Bendix* (1990), Ind. App., 550 N.E.2d 825, *trans. denied* (payments directly to child not credited against support obligation).

In most cases, if arrearages occur, they are owed by one parent. *See generally, Lizak, supra.* However, here because of the custody changes, both parents have accrued arrearages. The setoff improperly allows each parent to appropriate funds from the children's support funds to satisfy their personal obligations. *Jenkins, supra,* at 140. Because the setoff order decreases the past support obligations of both parents, the setoff is a retroactive

---

1. *See* IND.CODE 12–1–7–1.1 (now IC 12–14–7–1) (Supp.1992).

2. The State contends this arrearage was $1,437.00. The State failed to substantiate this amount. The State neither received notice of this proceeding nor did the State make an appearance in this or any proceeding until May 12, 1992.

3. Edward states "In 1985, the court ruled that Edward no longer had an arrearage...." Appellee, p. 10. The docket entry for January 23, 1985, reads in relevant part: "By [the] agreement of the parties, the Court now finds that [Judy] is in arrears in the amount of

$135.00...." Record, p. 4. The docket entry for August 19, 1985, reads in relevant part as follows: "By [the] agreement of the parties, based on the arrearages accumulated during the time in which the respondent husband had custody of the children, no support order is presently entered." Record, p. 5. We conclude Edward's statement is unsupported on the record presented to this court for review.

4. The $8,100.00 figure was reached by multiplying $150.00 per month by the fifty-four months Judy had custody of the children. Judy stated Edward paid her about $150.00 a month in support.

modification of the parents' support obligations.[5] Indiana prohibits retroactive modification of support orders. *See* IC 31–2–11–12 (1988); *Cardwell v. Gwaltney* (1990), Ind.App., 556 N.E.2d 953, 954. Therefore, Judy owes $810.00 in arrears and Edward owes $772.00 in arrears.[6]

## II.

### Voluntary Payments

■ Edward argues the trial court erred when it failed to consider the $8,100.00 in voluntary support payments between 1985 and 1990 in its calculations. First, Edward argues he should receive an $8,100.00 credit against his future support payments. Second, Edward argues if he does not receive a credit, these payments should be used to eliminate the arrearage Judy assigned to the State.

■ We do not agree with Edward's future credit argument. No support orders were in effect between August 19, 1985, and March 15, 1990, when the voluntary payments were made. One purpose of child support is to provide regular and uninterrupted support for the children. *Haycraft v. Haycraft* (1978), 176 Ind.App. 211, 375 N.E.2d 252, 255. This purpose would be frustrated if the non-custodial parent could voluntarily build up a substantial credit and then refuse to make support payments for a period of time. *Id.* Therefore, voluntary support payments cannot be applied prospectively to future support obligations. *Id.*

■ We also disagree with Edward's second argument that his voluntary payments to Judy should be used to pay the arrears Judy assigned to the State. We do not believe this case comes within the holding of *Holy v. Lanning* (1990), Ind.App., 552 N.E.2d 44, 46, which held "[t]he rationale of the rule prohibiting prospective crediting of overpayments is totally inapplicable to an arrearage that exists at the time of the overpayment." Edward made voluntary payments and did not make overpayments. When there is a support order in effect and an overpayment is made, the trial court can easily determine the amount of the overpayment and apply it to the existing arrears. *Id.*

However, Edward asks this court to recognize that five dollars and fifteen cents of the payments received each month were intended to pay the arrears owed as of August 19, 1984, and the remaining $144.85 was to be considered present support for the children. The amount available for present support needs and the amount allocated to the arrears, changed with each month that passed without a court support in effect.[7] "The regularity and continuity of [ ] support payments are as important as the overall dollar amount of those payments." *Haycraft, supra* at 255. Edward's method fails to satisfy these concerns. Because there was no court decreed support order in effect when these payments were made and Edward had a prior court ordered child support arrearage, we conclude the trial court properly considered

5. Consider the following: "A" and "B" divorce with two children. "A" receives custody of the children, and "B" is ordered to pay support of $100.00 per week. One year later, "B" owes arrearages of $530.00; "B" receives custody of the children, and "A" is ordered to pay support of $50.00 per week. One year later, "A" owes arrearages of $530.00. A hearing is then held, where the trial court sets the amount owed by "B" off against the amount owed by "A". In setting off the arrearages, the trial court has retroactively modified "B"'s support obligation from $100.00 per week to $90.00 per week and "A"'s support obligation from $50.00 per week to $40.00 per week.

6. Judy owes her arrears to Edward in his capacity as trustee for the children during the periods

he had custody. Because of Judy's 1980 assignment of rights, Edward owes his arrears to the State of Indiana.

7. Assume, for argument and comparison, a court ordered support order was entered six months after the 1985 custody change. Applying Edward's argument, $128.67 per month would have been considered payment of arrearages and $21.33 would have been considered present support for the children. The amount allocated to pay arrears decreases with each additional month there is no support order in effect. Mathematically, Edward's argument is: (the total amount of arrearages) divided by (the number of months without a support order in effect) equals (the amount of money contributed each month for arrears).

the entire $8,100.00 as present support for the children. This method satisfies the concerns expressed in *Haycraft, supra.*

We reverse as to the setoff of the arrears owed by the parents and affirm as to the result reached in the cross-appeal.

RUCKER, J., concurs.

HOFFMAN, J., concurs in result and files separate Opinion.

HOFFMAN, Judge, concurring in result.

I concur in the result; however, I write to clarify that the trial court's set-off order would have been valid absent the assignment to AFDC. Although the children are the intended beneficiaries of a support order, the custodial parent is the person entitled to receive the support payments in his or her fiduciary capacity. *Bendix v. Bendix* (1990), Ind.App., 550 N.E.2d 825, 826. The parent who is entitled to receive the support payments must expend his or her own funds to support the children when the parent obligated to pay support fails to do so. If not for the AFDC assignment in the present case, the trial court could have set off the arrearages to which each spouse was entitled.