Harold E. **DISHMON**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0106–CR–407.

Court of Appeals of Indiana.

June 19, 2002.

Patrick R. Ragains, Anderson, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBERTSON, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Harold E. Dishmon is appealing his conviction by a jury

of non-support of a dependent child as a Class C felony. His sentence was enhanced to eight years because of his criminal history and numerous findings of contempt and failure to appear in the court supervising his support obligation.

We affirm.

## ISSUE

Dishmon contends that the State failed to prove beyond a reasonable doubt that he was guilty of the offense as a Class C felony.

## FACTS

A summary of the facts applicable to the issue shows that Dishmon was the father of NSD. NSD was born in February of 1986. Dishmon was adjudicated father of NSD and ordered to pay $10.00 a week in support. Dishmon was jailed for several months in 1987 for failure to appear and to pay support. The next year, Dishmon was jailed for driving under the influence. Support was modified in 1988 to $25.00 a week. Dishmon spent three years in an Oklahoma prison as a result of an armed robbery conviction. In November of 2000, Dishmon was charged with non-support of a dependent child with the amount of arrearage being $13,472.01.

## DISCUSSION AND DECISION

■ At the time Dishmon was charged with non-support, Ind.Code § 35–46–1–5 provided that if the amount of support owed by the defendant exceeded $10,000.00 he could be convicted of a Class C felony. The thrust of Dishmon's argument is that because of his imprisonment for about five years during NSD's lifetime the amount of his arrearage should be reduced by $6000.00, which would change his conviction to a Class D felony.

■ Dishmon frames his issue in the context of whether the evidence was sufficient to sustain his conviction. One of the virtues of a sufficiency of the evidence issue in a direct criminal appeal is that it is readily available, i.e. it may be raised on appeal even though there was no objection made to the trial court. *See Stewart v. State,* 721 N.E.2d 876, 879 (Ind.1999). By contrast and with very few exceptions such as allegations of fundamental error, an issue which raises a purely legal question must be preserved below, i.e. it must be raised before the trial court through an objection or the filing of a motion. A legal issue, as opposed to a sufficiency of the evidence issue, cannot be raised for the first time on appeal. *Winn v. State,* 748 N.E.2d 352, 359 (Ind.2001). Furthermore, a defendant cannot complain of errors that he induced the trial court to make. *Berry v. State,* 574 N.E.2d 960, 963 (Ind.Ct.App. 1991), *trans. denied.*

Our review of the record shows that Dishmon testified about his prior imprisonment. The question of Dishmon's ability to pay was discussed by both sides in closing argument. The jury was instructed, among other things, that a person is not entitled to have support reduced or abated during the period of time that he or she is incarcerated. The jury was also instructed that a parent cannot be held criminally responsible for non-support of a dependent child during a time period when he is unable to provide support. The jury was further instructed that the defendant has the burden of proving that defense by a preponderance of the evidence. The jury was instructed on, and given, three forms of verdict indicating "not guilty," "guilty of a Class D felony," and "guilty of a Class C felony." The instructions were given without objection by either side, and in fact, were tendered by Dishmon.

We mention these things for the purpose of removing any doubt that the jury was not aware of the difference between the essential aspects of a Class D felony and a Class C felony. It also serves the purpose of showing the lack of any action on the part of Dishmon to preserve the issue that he now argues before this court, namely whether he should have had his support abated or excused during the time he was in prison or jail.

■■■■ If the issue before us is a legal question, Dishmon is asking this court to order a retroactive reduction in the amount of support that he was ordered to pay. We have a longstanding policy that a court is without power to reduce, annul, or vacate accrued support orders. *Biedron v. Biedron*, 128 Ind.App. 299, 148 N.E.2d 209 (1958). Moreover, should an individual be absolved from paying child support because of his incarceration? The answer is no. *Cardwell v. Gwaltney*, 556 N.E.2d 953, 954 (Ind.Ct.App.1990). Even though *Biedron* and *Cardwell* are civil cases, we are of the opinion that they have equal application to criminal non-support cases. It is against public policy to allow support payments to abate based upon the willful and unlawful acts of the obligor. *Davis v. Vance*, 574 N.E.2d 330, 331 (Ind.Ct.App. 1991).

■■■■ We also note that this court has held that under a similar fact situation, a defendant may offer evidence of his incarceration as an affirmative defense. However, the defendant's incarceration is not an absolute bar to a conviction for nonsupport of a dependent child as a Class C felony. *Cooper v. State*, 760 N.E.2d 660, 665 (Ind.Ct.App.2001), *trans. denied.*

■■■■ If the issue is one of sufficiency of the evidence, we consider only the evidence favorable to the verdict and all reasonable inferences which can be drawn therefrom. *Williams v. State*, 714 N.E.2d 671, 673 (Ind.Ct.App.1999). If there is substantial evidence of probative value from which the trier of fact could find guilt beyond a reasonable doubt we will affirm the conviction. *Id.* We are also mindful that the jury is the trier of fact and is entitled to determine which version of the incident to credit. *Id.*

Ind.Code § 35–46–1–5(a) provides that a person who knowingly or intentionally fails to provide support to the person's dependent child commits non-support of a child. The statute also provides that if the amount of unpaid support that is due and owing for one or more children is more than at least $10,000.00 the offense is a Class C felony.[1] Our review of the record shows that the requirements of the statute were met with sufficient evidence to sustain the verdict.

## CONCLUSION

Dishmon has waived any legal question pertaining to whether it was proper to hold him accountable for child support that accrued during his multiple incarcerations. Furthermore, the evidence is sufficient to sustain the verdict.

Judgment affirmed.

RILEY, J., and MATTINGLY–MAY, J., concur.

---

1. The amount is now $15,000.00.